IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION, | ) ) ) |
| Plaintiff, | ) ) Case No.: 07-CV-6752 |
| v. | ) ) Judge Manning ) Magistrate Judge Nolan |
| MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, STEVEN P. MELICK and ANEXINET CORP. | ) ) ) JURY TRIAL REQUESTED |
| Defendants. | ) ) |

**FIRST AMENDED COMPLAINT**

Plaintiff Compliance Software Solutions Corporation ("CSSC"), by and through its attorneys, for its First Amended Complaint against Defendants MODA Technology Partners, Inc. ("MODA"), Michael S. Goetter, Steven P. Melick and Anexinet Corp. ("Anexinet") alleges as follows:

**PARTIES**

1.  Plaintiff CSSC is an Illinois Corporation with its principal place of business at 100 Lexington Drive, Suite 210, Buffalo Grove, Illinois 60089. CSSC creates unique software used to monitor high-tech, pharmaceutical and biotechnology production and laboratory facilities to ensure that such facilities comply with pertinent regulations.

2.  Defendant MODA is a Pennsylvania corporation, created on September 8, 2005, with a principal place of business at 1255 Drummers Lane, Suite 202, Wayne, Pennsylvania 19087. MODA is a privately-held software company that purports to focus on automation and

regulatory compliance within the biopharmaceutical manufacturing industry. MODA competes directly with CSSC. On information and belief, MODA is a successor to The Sycamore Group.

3. Defendant Michael S. Goetter, on information and belief, is an individual resident of the Commonwealth of Pennsylvania. Mr. Goetter co-founded The Sycamore Group and is presently Vice President of Product Strategy at MODA. Mr. Goetter manages product strategy, competitive analysis and sales support for the MODA product suite. At The Sycamore Group, Mr. Goetter was responsible for business development and vertical industry solutions. Mr. Goetter purports to have extensive experience overseeing project delivery, product development and quality systems implementation for clients in the pharmaceutical and biotechnology industries.

4. Defendant Steven P. Melick is, on information and belief, is an individual resident of the Commonwealth of Pennsylvania. Mr. Melick is MODA's President and Chief Operating Officer. Mr. Melick was previously founder, President and CEO of The Sycamore Group, some or all of which was later sold to Anexinet.

5. Defendant Anexinet is a Pennsylvania corporation with a principal place of business at 1 International Plaza, Suite 140, Philadelphia, Pennsylvania 19113. Anexinet purports to be a solutions integrator, value-added reseller and certified education center. On information and belief, Anexinet purchased all or part of The Sycamore Group.

## JURISDICTION AND VENUE

6. This action arises under the copyright and patent laws of the United States, 17 U.S.C. § 101 et. seq., 35 U.S.C. § 1 et seq. and the laws of the State of Illinois.

7. This Court has subject matter jurisdiction pursuant to the laws of the United States governing actions related to copyright, 28 U.S.C. §§ 1331 and 1338. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332; the amount in dispute exceeds $75,000.00.

8. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction.

9. This Court has personal jurisdiction over MODA because MODA, on information and belief, transacts business within the State of Illinois (including this judicial district) and/or MODA breached at least one agreement subject to the laws of the State of Illinois.

10. This Court has personal jurisdiction over Anexinet because Anexinet, on information and belief, transacts business within the State of Illinois (including this judicial district) and/or Anexinet breached at least one agreement subject to the laws of the State of Illinois.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(a)(2), 1391(b)(2) and 1400(a).

## CSSC'S COPYRIGHTED EMSS SOFTWARE

12. CSSC owns all right, title and interest in the copyright to its Environmental Monitoring Software System ("EMSS") software.

13. Users of CSSC's copyrighted EMSS software include firms in the pharmaceutical, biotechnology and medical device industries. CSSC's EMSS software is designed to assess and to document these firms' facility operations, collect microbial and/or particulate counts, and to analyze and to trend the data to ensure that the environmental control systems are operating as intended.

14. EMSS is CSSC's core application. It took several years to design and to develop the EMSS software before it was placed into beta testing. From January 1999 until October 1999 the EMSS software was refined, tested, and validated. Then, it was introduced at the Parenteral Drug Association's ("PDA") Annual Meeting in December 1999. CSSC's EMSS software application was developed to meet the guidelines established by the PDA's Technical Report 13, Fundamentals of an Environmental Monitoring Program.

15. CSSC has licensed users of its EMSS software in the United States, Puerto Rico, and Europe. Several of CSSC's users date back to the initial introduction of the software in 1999. Those licensed users have successfully validated the EMSS software application and have deemed it to meet their requirements for 21 CFR Part 11.

16. A number of CSSC's licensees, including ImClone, have audited CSSC and its EMSS software. A number of third party validation companies have also audited CSSC's EMSS software. All of these audits and validations have been positive for CSSC.

17. CSSC registered its copyright on June 7, 1999. See Ex. A, Copyright Registration.

18. CSSC properly marks its software to give notice to the public of its copyright. MODA and Anexinet knew or should have known, at all times pertinent to this action, that CSSC's software was subject to federal copyright law. TSG and ImClone both specifically acknowledged the validity of CSSC's copyright. See Ex. B.

19. CSSC sued TSG and ImClone for copyright infringement on September 6, 2005. See Ex. C. The parties to that suit settled their dispute. See Ex. B. Defendant Melick signed Ex. B on behalf of TSG, including acknowledging the validity of CSSC's copyright.

## DEFENDANTS' COPYRIGHT INFRINGEMENT
## AND DISREGARD FOR CSSC'S INTELLECTUAL PROPERTY RIGHTS

20. Defendants had access to CSSC's EMSS software.

21. Defendants made unauthorized copies of CSSC's EMSS software.

22. Defendants made unauthorized derivative works from and/or based on CSSC's EMSS software.

23. MODA's MODA-EM is based in whole or in part on CSSC's EMSS software.

24. Defendants knew that their copying and making of derivative works was not authorized by CSSC.

25. Defendants' conduct was willful.

26. On information and belief, Defendants Melick and Goetter provided MODA with copies of the CSSC software.

27. Defendants Melick and Goetter had access to and are and were in a position to control CSSC's EMSS software. On information and belief, Defendants Melick and Goetter authorized the copying, modification and use by MODA of CSSC's EMSS software.

28. Defendants Melick and Goetter induced and/or materially contributed to the infringing conduct of the other defendants. Defendants Melick and Goetter, on information and belief, personally directed and authorized the unlawful conduct of MODA.

29. Defendants Melick and Goetter personally profited from the copyright infringement alleged in this Complaint.

30. Defendants Melick and Goetter actively and personally participate in the marketing, distribution, sale, offer for sale, display, advertisement, and promotion of the infringing MODA software without CSSC's consent.

31. On information and belief, Defendants Melick and Goetter personally directed and participated in the copying of CSSC's EMSS software and authorized dissemination and use of CSSC's EMSS software to copy it and to make derivative works from it.

32. Defendants Melick and Goetter acted willfully and with knowledge of CSSC's copyright.

### DEFENDANTS' INFRINGEMENT OF CSSC'S 370 PATENT

33. CSSC owns United States Patent No. 6,904,370 (the "370 patent") which is entitled System, Method, and Computer-Readable Medium for Collection of Environmental Data and Generation of User Report for compliance with FDA Requirements. The 370 patent issued on June 7, 2005. A true and accurate copy of the 370 patent is attached as Ex. D.

34. CSSC complies with applicable provisions of 35 U.S.C. § 287.

35. Defendants have and continue to infringe the 370 patent by making, using, selling and/or offering to sell products and methods (including the MODA-FDC platform) covered by the claims of the 370 patent in violation of 35 U.S.C. § 271(a). Defendants are not authorized to make, use, sell or offer for sale the subject matter claimed in the 370 patent.

36. Additionally, Defendants' conduct has and continues to constitute active inducement of and/or contributory infringement of the 370 patent in violation of 35 U.S.C. § 271(b) and (c).

37. Defendants' infringement of the 370 patent was with knowledge of the 370 patent and was willful, deliberate and objectively unreasonable.

38. Defendants' infringement of the 370 patent has caused irreparable harm to CSSC and will continue to cause CSSC irreparable harm unless Defendants' conduct is enjoined.

**PRAYER FOR RELIEF**

Plaintiff CSSC respectfully requests judgment against the Defendants and entry of a final order including the following:

A.  Findings of fact and conclusions of law establishing that Defendants infringed CSSC's copyright and 370 patent and did so willfully;

B.  A preliminary and permanent injunction prohibiting Defendants (and those in active concert or participation with them) from

    1.  further infringement of CSSC's copyright, requiring Defendants to destroy all copies of infringing software and prohibiting Defendants from creating any additional copies and/or derivative works of CSSC's software;

    2.  further infringement of CSSC's 370 patent;

C.  Monetary compensation sufficient to compensate CSSC for its damages;

D.  Costs and attorney fees;

E.  Such further relief as the Court may deem just and appropriate, including, but not limited to, punitive damages, enhanced damages and pre-judgment interest.

**JURY DEMAND**

Pursuant to the Seventh Amendment to the Constitution of the United States and Fed.R.Civ.P. 38, CSSC requests trial by jury.

Date:   December 14, 2007                    Respectfully submitted,

/s/ Geoffrey A. Baker

Geoffrey A. Baker
Illinois Bar No. 6236658
Anthony E. Dowell
Illinois Bar No. 6224825
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)
**Attorneys for Plaintiff**
**Compliance Software Solutions Corp.**

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2007, I electronically filed the foregoing AMENDED COMPLAINT with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system. I also served via email a true and accurate copy of the foregoing AMENDED COMPLAINT on the following counsel for Defendants who have not yet made an appearance in this matter:

Richard Barkasy
Schnader Harrison Segal & Lewis LLP
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, NJ  08002-1165
rbarkasy@schnader.com
Counsel for Anexinet Corp.

David J. Wolfsohn
Woodcock Washburn, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
wolfsohn@woodcock.com
Counsel for MODA Technology Partners, Inc.
and Messrs. Goetter and Melick