**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-CV-6752** |
| | ) | |
| **MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, STEVEN P. MELICK and ANEXINET CORP.,** | ) | **Judge Manning** |
| | ) | **Magistrate Judge Nolan** |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OF LAW OF DEFENDANTS MODA TECHNOLOGY**
**PARTNERS, INC., MICHAEL S. GOETTER, AND STEVEN P. MELICK**
**IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED**
**COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

## I.    INTRODUCTION

Defendant MODA Technology Partners, Inc. ("MODA") is a small, closely held

Pennsylvania company with 22 employees.  It does no business in Illinois: it owns no property

there, has no employees there, and has never sold or offered to sell anything there.  Defendant

Mike Goetter has been to Illinois once—to a trade show for a couple of days in early 2007, and

defendant Steve Melick has not been to the state since 1992.  Neither of these individuals does

any business in the state, and they have not sold or offered for sale any MODA products there.

Because these defendants lack minimum contacts with this forum, it would violate traditional

notions of fair play and substantial justice to hail them into court here.  The claims against

MODA, Steve Melick, and Mike Goetter, accordingly, should be dismissed pursuant to Federal

Rule of Civil Procedure 12(b)(2), the due process clause of the federal constitution, and the Illinois long-arm statute.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Compliance Software Solutions, Corporation ("CSSC") filed a First Amended Complaint on December 14, 2007 alleging falsely and without a good-faith basis that MODA's MODA-EM product infringes CSSC's fraudulently obtained copyright in certain software and that certain of MODA's products, including MODA-FDC, infringe, again without any basis, CSSC's invalid patent.  (Docket No. 7, First Am. Compl. ¶¶ 20-38).  Virtually acknowledging that it had no grounds to bring this lawsuit in Illinois, CSSC falsely alleges "on information and belief" that MODA "transacts business within the State of Illinois (including this judicial district) and/or MODA breached at least one agreement subject to the laws of the State of Illinois."  (*Id.* ¶ 9).  CSSC never identifies the supposed "agreement," and never explains what "business" it believes MODA "transacts" in Illinois.  With regard to the two individuals whom it has sued in Illinois, CSSC does not even bother to allege any facts supporting jurisdiction over them.

### A.     MODA's Lack of Contacts with Illinois

MODA is a small, privately held corporation formed in 2005 under the laws of the Commonwealth of Pennsylvania.  (Ex. 1, Declaration of David Lipson ("Lipson Decl.") ¶ 2).  MODA has only 22 employees, and one U.S. office in Wayne, Pennsylvania.  (*Id.*).  MODA sells software that is used in FDA-compliant clean rooms and other, similar environments for use in environmental monitoring.  CSSC is a competitor of MODA's.  Because CSSC is failing in the marketplace, it has filed this frivolous lawsuit in an attempt to extort money out of its competitor, MODA.  It has done so in Illinois, a forum in which minimum contacts are obviously lacking as to defendants MODA, Steve Melick and Mike Goetter, in order to improperly raise the defendants' costs of litigation.

All MODA's U.S. employees are located in Pennsylvania or New Jersey.  (*Id.* ¶ 4).  No MODA employees, directors or officers live in Illinois.  (*Id.*).  MODA has no suppliers in Illinois, does not pay taxes to Illinois, does not own, lease or use any real estate in Illinois, and does not maintain, own, lease or use any personal property in Illinois.  (*Id.* ¶¶ 6-9).  Additionally, MODA does not maintain bank accounts, an office, facility, mailing address, or phone number in Illinois.  (*Id.* ¶¶ 10-12).  MODA is not registered to do business in Illinois, does not have an Authority to Transact Business in Illinois, and does not maintain an agent or any company records in Illinois.  (*Id.* ¶¶ 13-15).  MODA has no subsidiaries in Illinois.  (*Id.* ¶ 16).  MODA advertises in national publications, but does not advertise in publications targeted specifically at companies in Illinois.  (*Id.* ¶ 17).

MODA has no customers or clients in Illinois and derives no revenue from the State of Illinois.  (*Id.* ¶ 5).  MODA has not sold or offered to sell any products in Illinois or to any Illinois entity or person.  (*Id.*).  MODA has not made any sales visits to businesses in Illinois.  (*Id.*).  No one in Illinois is using MODA's products.  (*Id.*).  No MODA employees have traveled to businesses in Illinois to make sales calls.  (*Id.* ¶ 18).  Although two MODA employees attended the Pittcon Conference & Expo in late February in Chicago,[1] MODA did not sell or offer to sell any product during Pittcon.  (*Id.* ¶ 19).  With the exception of this one trip to Chicago for the Pittcon Conference, no MODA employee has traveled to Illinois on MODA's behalf for any reason.  (*Id.*).

### B.     Defendant Steven Melick's Lack of Minimum Contacts with Illinois

Steven Melick is employed by MODA as its President.  (Ex. 2, Declaration of Steven P. Melick ("Melick Decl.") ¶ 1).  Melick resides in Dresher, Pennsylvania, maintains a

---

[1]     Pittcon is a national trade show that takes place annually in different cities across the United States.  (Ex. 1, Lipson Decl. ¶ 19).  Over 1000 exhibitors attended the conference in 2007.  (*Id.*).

Pennsylvania driver's license and pays taxes to Pennsylvania.  (*Id.* ¶ 2-3).  Mr. Melick has never

resided in Illinois, has never paid taxes to Illinois, does not own, lease or use any real estate in

Illinois, and does not maintain, own, lease or use any personal property in Illinois.  (*Id.* ¶¶ 4-7).

In addition, Mr. Melick does not maintain a bank account in Illinois and has not traveled to

Illinois since 1992.  (*Id.* ¶¶ 8-9).  Mr. Melick has not made any sales visits to businesses in

Illinois for MODA.  (*Id.* ¶ 10).  He has not sold or offered to sell any product of MODA's in

Illinois or to any Illinois entity or person.  (*Id.*).

Steve Melick was the President and CEO of The Sycamore Group when it was sued by

Compliance Software Solutions, Corporation in 2005 in the Northern District of Illinois.  (*Id.* ¶

11).  Before The Sycamore Group filed a response to CSSC's complaint, the parties settled the

lawsuit and Mr. Melick signed a settlement agreement on behalf of The Sycamore Group.  (*Id.*).

The settlement agreement denies the allegations of CSSC's complaint, including those pertaining

to purported jurisdiction in Illinois.  (*See* Docket No. 7, First Am. Compl. at Exhibit B at 2 and

Exhibit C ¶ 8).  Steve Melick signed this agreement in Pennsylvania and never traveled to

Illinois in connection with that lawsuit.  (Ex. 2, Melick Decl. ¶ 11).

### C.     Defendant Michael Goetter's Lack of Contacts with Illinois

Michael Goetter is employed by MODA as its Vice President of Product Strategy.  (Ex.

3, Declaration of Michael S. Goetter ("Goetter Decl.") ¶ 1).  Mr. Goetter lives in Mount Laurel,

New Jersey, maintains a New Jersey driver's license and pays taxes to New Jersey.  (*Id.* ¶ 2-3).

Mr. Goetter has never resided in Illinois, has never paid taxes to Illinois, does not own, lease or

use any real estate in Illinois, does not maintain, own, lease or use any personal property in

Illinois, and does not maintain a bank account in Illinois.  (*Id.* ¶¶ 4-8).  Mr. Goetter has only

traveled to Illinois once: to the Pittcon Conference in early 2007, which happened to be in

Chicago that year.  (*Id.* ¶ 9).  Mr. Goetter has not sold or offered to sell any product of MODA's in Illinois or to any Illinois entity or person, including while at the Pittcon Conference.  (*Id.*).

## III.   ARGUMENT

### A.   Legal Standards for Personal Jurisdiction

Personal jurisdiction is analyzed on a claim-by-claim basis.  For CSSC's patent infringement claim, Federal Circuit law applies.  *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999).  CSSC's copyright infringement claim, however, is not intimately linked to patent law; therefore, Seventh Circuit law applies.  *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) ("Because the issue of personal jurisdiction with respect to non-patent counts is not intimately linked to patent law, we apply the law of the regional circuit….").  Plaintiff has the burden of demonstrating the existence of personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).

To determine if personal jurisdiction is proper, the Court must consider (1) whether Illinois' long-arm statute permits the exercise of jurisdiction and (2) whether that exercise is consistent with the limitations of the due-process clause of the Constitution of the United States. *See HollyAnne* 199 F.3d at 1307; *Adventus Americas Inc. v. Innovative Envtl. Techs., Inc.*, No. 06 CV 3267, 2007 U.S. Dist. LEXIS 15611, at *15-16 (N.D. Ill. Mar. 5, 2007).  Illinois' long-arm statute contains a "catch-all" provision, allowing Illinois state courts to assert personal jurisdiction to the maximum extent permitted by the Illinois and United States Constitutions. 735 ILCS § 5/2-209(c); *see RAR*, 107 F.3d at 1276.

Pursuant to the Due Process Clause of the Fourteenth Amendment, *in personam* jurisdiction may be asserted over a nonresident so long as the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945) (quotation omitted).  Personal jurisdiction may be either general or specific.  "Specific

jurisdiction refers to jurisdiction over a defendant in a suit 'arising out of or related to the

defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales*

*de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).  General jurisdiction, on the other

hand, is for suits that neither arise out of nor are related to the defendant's contacts and is only

permitted when defendant has "continuous and systematic" contacts with the forum state.  *Id.*;

*Silent Drive*, 326 F.3d at 1200 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466

U.S. 408, 414-16 (1984)); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773,

787 (7th Cir. 2003).

Under Seventh Circuit law, to determine if specific personal jurisdiction may be

exercised this Court must engage in a three-part analysis:

> (1) identify the contacts the defendant has with the forum; (2) analyze whether
> these contacts meet constitutional minimums and whether exercising jurisdiction
> on the basis of these minimum contacts sufficiently comports with fairness and
> justice; [and] (3) determine whether the sufficient minimum contacts, if any, arise
> out of or are related to the causes of action involved in the suit. If the court
> determines at the second step that a defendant does not have sufficient minimum
> contacts with the forum, then its personal jurisdiction analysis ends without
> examining the plaintiff's causes of action.

*Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*,

230 F.3d 934, 944 (7th Cir. 2000).  The Federal Circuit similarly applies a three-prong test for

determining if specific jurisdiction exists: (1) whether the defendant purposefully directed its

activities at the residents of the forum; (2) whether the claim arises out of or is related to those

activities, and (3) whether assertion of personal jurisdiction is reasonable and fair.  *HollyAnne*,

199 F.3d at 1307-08.

For general personal jurisdiction to exist, the defendant's contacts must be "so extensive

to be tantamount to [defendant] being constructively present in the state to such a degree that it

would be fundamentally fair to require it to answer in [the forum] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research Found.*, 338 F.3d at 787.  Factors that courts examine in determining whether general jurisdiction exists include (1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state.  *Adventus*, 2007 U.S. Dist. LEXIS 15611, at *18 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).

### B.    This Court Lacks Personal Jurisdiction Over MODA

Personal jurisdiction may not be exercised over defendant MODA by this Court.  As noted, MODA does not do business in Illinois, derives no revenue from Illinois, and has not sold or offered to sell any products in Illinois.  (Ex. 1, Lipson Decl. ¶¶ 4-15).  No MODA employees have traveled to businesses in Illinois to make sales calls, and no one in Illinois is using MODA's products  (*Id.* ¶ 5).  Two MODA employees attended the Pittcon Conference & Expo in late February 2007, which happened to be in Chicago that particular year, but MODA did not sell or offer to sell any product during Pittcon.  (*Id.* ¶ 19)  With the exception of this one trip to Chicago during the year Pittcon happened to be in Chicago, no MODA employee has traveled to Illinois on MODA's behalf for any reason.  (*Id.*).

MODA clearly does not have "continuous and systematic" contacts with Illinois.  (*Id.* ¶¶ 54-6, 11, 14) such that it would be subject to general jurisdiction there.

MODA is also not subject to specific jurisdiction in Illinois.  Attending one trade show is insufficient to confer jurisdiction.  *Neomedia Techs., Inc. v. Airclic, Inc.*, No. 04 C 566, 2004 U.S. Dist. LEXIS 6634, at * 13, 71 U.S.P.Q.2d 1186 (N.D. Ill. Apr. 15, 2004); *Black & Decker*

*Inc. v. Shanghai Xing Te Hao Indus. Co., Ltd.*, No. 02 C 4615, 2003 U.S. Dist. LEXIS 10127, at *8 (N.D. Ill. June 13, 2003); *Medical Solutions, Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 133-34 (D.D.C. 2006) (dismissing complaint for lack of personal jurisdiction even though defendant attended industry trade show with allegedly infringing product).  Even a presentation of an allegedly infringing product does not confer personal jurisdiction.  *See, e.g., HollyAnne*, 199 F.3d at 1305 (affirmed dismissal for lack of personal jurisdiction even though defendant made a presentation of the allegedly infringing product in the forum); *Medical Solutions*, 468 F. Supp. 2d at 133-34 (holding plaintiff failed to make a *prima facie* case of personal jurisdiction when plaintiff alleged defendant displayed allegedly infringing product at industry trade show).  Moreover, MODA has not sold or offered for sale any products to businesses in Illinois.  This Court, therefore, lacks specific personal jurisdiction over MODA.  *See, e.g., Adventus*, 2007 U.S. Dist. LEXIS 15611, at *18 ("Since [the defendant] did not perform remediation services in Illinois using the process alleged to infringe the '213 Patent, the court must determine whether [the defendant's] contacts with Illinois are such that the district court could exercise general jurisdiction over it.").

Acknowledging that it has no basis for asserting jurisdiction over MODA, CSSC alleges "***on information and belief***" that MODA " transacts business within the State of Illinois (including this judicial district) and/or MODA breached at least one agreement subject to the laws of the State of Illinois."  (Docket No. 7, First Am. Compl. ¶ 9) (emphasis added).  But the attached declarations show that this "information and belief" allegation is frivolous.  MODA has no customers or clients or suppliers in Illinois, has never sold any products in Illinois, and derives no revenue from Illinois.  (Ex. 1, Lipson Decl. ¶¶ 5-6).  CSSC does not allege what "agreement" it is referring to in paragraph 9 of the First Amended Complaint.  CSSC attaches a

8

Settlement Agreement as Exhibit B to its First Amended Complaint, but MODA is not a party to that agreement. (Docket No. 7, First Am. Compl. at Exhibit B). To the contrary, the Agreement is between CSSC, ImClone, and The Sycamore Group. (*Id.*). While CSSC alleges that "[o]n information and belief, MODA is a successor to The Sycamore Group," (*id.* ¶ 2), once again CSSC makes false allegations based on nothing more than wishful thinking: MODA is ***not*** a successor corporation to The Sycamore Group. (Ex. 2, Melick Decl. ¶ 12). MODA has not assumed any liabilities of The Sycamore Group and there is no legal relationship between The Sycamore Group and MODA. (*Id.*). In fact, The Sycamore Group is a separate legal entity. (*Id.*). The Sycamore Group changed its name to Quaterleaf Technologies, Inc. and remains in good standing with the Pennsylvania Department of State. (*Id.* ¶ 12 and at Exhibit A).

Moreover, even if MODA could somehow be deemed to be a party to the settlement agreement (which it cannot), and even if CSSC had alleged a count of breach of contract (which it has not)[2] the mere inclusion in a contract that a particular state's law governs, without providing that such a state shall be the exclusive forum for disputes, does not confer specific (or, obviously, general) jurisdiction over the parties to such a contract in that state.[3] *See, e.g., Purdue Research Found.*, 338 F.3d at 776-77 (holding defendant was not subject to personal jurisdiction in Indiana in breach of contract case even though defendant was the alleged successor to a contract that provided for the application of Indiana law); *see also RAR*, 107 F.3d

---

[2]　　Judging from the inclusion of allegations of diversity jurisdiction and allegations that the claims "arise under the laws of the State of Illinois," (Docket No. 7, First Am. Compl. ¶¶ 6, 7, 8), it appears that at one time CSSC's counsel considered including a breach-of-contract count and then concluded it could not do so in good faith.

[3]　　The Settlement Agreement contains no forum selection clause. (Docket No. 7, First Am. Compl. at Exhibit B).

at 1277 ("[A]n out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts.").

### C.     This Court Cannot Assert Personal Jurisdiction over Mr. Melick

Like MODA, Steve Melick is also not subject to personal jurisdiction in Illinois. Mr. Melick owns no property in Illinois, has never paid taxes to Illinois, and maintains no bank accounts in Illinois. (Ex. 2, Melick Decl. ¶¶ 5-8). He has not even been to Illinois since 1992. (*Id.* ¶ 9). Mr. Melick has not sold or offered for sale any MODA products to any business in Illinois. (*Id.* ¶ 10). Tellingly, CSSC makes no allegations regarding why Mr. Melick is subject to personal jurisdiction in Illinois. As discussed above, CSSC previously sued Mr. Melick's former employer, The Sycamore Group, and ImClone. (*Id.* ¶ 11). The parties settled the matter before The Sycamore Group filed an answer and Mr. Melick signed the Settlement Agreement on behalf of The Sycamore Group as its then President and CEO. (*Id.*) Mr. Melick signed this agreement while in Pennsylvania and never traveled to Illinois in connection with the lawsuit between CSSC, ImClone and The Sycamore Group. (*Id.*). Melick was not a party to the Agreement and even if he were considered a party, contracting with "an in-state party is alone not enough to establish the requisite minimum contacts."[4] *RAR*, 107 F.3d at 1277. Steve Melick, therefore, is also not subject to personal jurisdiction in Illinois.

---

[4]     Instead, "'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant." *RAR*, 107 F.3d at 1277 (citations omitted). The Settlement Agreement clearly contemplates no future dealings between the parties and CSSC has alleged no continued dealings with Mike Melick. It would violate due process to subject Mr. Melick to a lawsuit in a forum merely because he signed an agreement on behalf of a party to settle a lawsuit filed in that forum—especially where the allegations in the complaint, which included allegations of jurisdiction in that forum, were denied in the settlement agreement itself.

**D.      This Court Cannot Assert Personal Jurisdiction over Mike Goetter**

Similarly, this Court cannot exercise personal jurisdiction over Mike Goetter.  CSSC does not even bother to assert any allegations of any contacts between Mike Goetter and Illinois.  Mr. Goetter owns no property in Illinois, has never paid taxes to Illinois, and maintains no bank accounts in Illinois.  (Ex. 3, Goetter Decl. ¶¶ 5-8).  Mike Goetter's only visit to Illinois was to attend the Pittcon Conference in Chicago on behalf of MODA for a couple of days in early 2007 (*id.* ¶ 9); but, as discussed above, attending a trade show is not sufficient to establish personal jurisdiction.  Even if it were, however, "courts may not exercise jurisdiction over a non-resident corporate official when the only contacts that individual has with Illinois were made in his or her corporate capacity" under the fiduciary shield doctrine.  *Richmond v. Nat'l Inst. Of Certified Estate Planners*, No. 06 C 1032, 2006 U.S. Dist. LEXIS 62433, at *11 (N.D. Ill. Aug. 15, 2006) Mike Goetter has not sold or offered for sale any MODA product to any business in Illinois. (Ex. 3, Goetter Decl. ¶ 10).  Accordingly, due process and the Illinois Long-Arm Statute require that the claims against Mike Goetter be dismissed for lack of personal jurisdiction.  Mr. Goetter's scant contacts with Illinois were on behalf of MODA, and for the same reasons MODA is not subject to personal jurisdiction, Steve Goetter also cannot be subject to personal jurisdiction in Illinois.

## IV.    CONCLUSION

CSSC had no basis to file this lawsuit in Illinois.  Accordingly, pursuant to Fed. R. Civ.

P. 12(b)(2), the federal due process clause, and the Illinois Long-Arm Statute, CSSC's First

Amended Complaint against MODA, Steve Melick and Mike Goetter should be dismissed for

lack of personal jurisdiction.


Dated: January 23, 2008                          Respect submitted,


                                                 /s/   Jordan L. Jonas
                                                 Ian Fisher (IL Bar No. 6224920)
                                                 SCHOPF & WEISS LLP
                                                 One South Wacker Drive, 28th Floor
                                                 Chicago, IL 60606
                                                 (312) 701-9300

                                                 David J. Wolfsohn
                                                 Steven B. Samuels
                                                 Jordan L. Jonas (IL Bar No. 6286508)
                                                 WOODCOCK WASHBURN LLP
                                                 Cira Centre, 12th Floor
                                                 2929 Arch Street
                                                 Philadelphia, PA 19104
                                                 (215) 568-3100

                                                 *Attorneys for MODA Technology Partners, Inc.,*
                                                 *Steven P. Melick and Michael S. Goetter*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2008, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following at their e-mail address on file with the Court:

> Geoffrey A. Baker
> Dowell Baker, P.C.
> 229 Randolph Street
> Oak Park, IL  60302

/s/  Jordan L. Jonas

One of the attorneys for MODA Technology
Partners, Inc., Steven P. Melick and Michael S.
Goetter