IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-CV-6752 ) |
| MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, STEVEN P. MELICK and ANEXINET CORP., | ) Judge Manning ) Magistrate Judge Nolan ) ) ) |
| Defendants. | ) ) |

**MOTION OF DEFENDANTS MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, AND STEVEN P. MELICK TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF <u>PERSONAL JURISDICTION</u>**

Defendants MODA Technology Partners, Inc. ("MODA"), Michael S. Goetter, and Steven P. Melick respectfully request that the Court stay merits discovery pending resolution of the motion of defendants MODA, Mr. Melick and Mr. Goetter to dismiss plaintiff Compliance Software Solutions, Corporation's ("CSSC") First Amended Complaint for lack of personal jurisdiction. The motion to dismiss is dispositive and would end this case entirely.[1] In support of its request, MODA, Mr. Melick and Mr. Goetter state as follows:

1.  CSSC has falsely alleged that MODA, Mike Goetter and Steve Melick infringe CSSC's purported copyright and patent. Defendants' motion to dismiss for lack of personal jurisdiction demonstrates that the First Amended Complaint should be dismissed in its entirety against them for lack of personal jurisdiction.

---

[1] Anexinet Corp. was a defendant in this case; however, Anexinet was voluntarily dismissed with prejudice on January 20, 2008. (Docket No. 8).

2.      It is axiomatic that the Court has broad discretion over all discovery matters. *See Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006) ("It is well-settled that district courts enjoy broad discretion in controlling discovery."). Moreover, "[i]t is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters…." *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 80-81 (1988). "Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case – at least as to the moving party, or where the issue is a threshold one, such as jurisdiction…." *Bilah v. Wolf*, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, at *4 (N.D. Ill. June 6, 2007). In deciding a motion to stay discovery pending resolution of a motion to dismiss, courts may consider judicial economy and the burden and cost on the parties. *See Cemail v. Viking Dodge, Inc.*, No. 97 C 908, 1997 U.S. Dist. LEXIS 8990, at *2 (N.D. Ill. June 17, 1997) ("If the motions to dismiss are granted those defendants will be spared the expense of discovery."); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) ("[T]he court will grant a motion to stay discovery pursuant to Rule 26(c) in order to secure the 'just, *speedy* and *inexpensive* determination of every action.'") (emphasis in original).

3.      Discovery in patent and copyright litigation is extremely expensive. MODA is a small, closely held corporation with only 22 employees, and the other Defendants, Steve Melick and Mike Goetter, are individuals. (Docket No. 13, Motion to Dismiss at Ex. 1, Declaration of David S. Lipson ¶¶ 2, 4). Conducting merits discovery (and the inevitable discovery disputes) before the motion to dismiss for lack of personal jurisdiction is decided would be an inefficient use of the Court's resources, the parties' resources, and would impose an undue burden on MODA, Mr. Melick and Mr. Goetter. *See Douglas v. Potter*, No. 05-578, 2006 U.S. Dist.

LEXIS 18063, at *2 (S.D. Ill. Apr. 7, 2006) ("[E]ntry of a discovery schedule and beginning discovery is not appropriate until the motion to dismiss is decided. Discovery cannot be conducted efficiently while basic questions remain regarding who or what is being sued, and whether jurisdiction over the defendant(s) has properly attached."); *Cataldo v. The City of Chicago*, No. 01 C 6665, 2002 U.S. Dist. LEXIS 1590, at *4 (N.D. Ill. Jan. 24, 2002) (granting defendant's motion to stay discovery pending resolution of motion to dismiss, noting that responding to plaintiff's discovery requests "when there is a legitimate possibility that the case could be dismissed would not be an efficient use of its resources, especially given the current procedural posture of the case."); *Sprague*, 149 F.R.D. at 578 (staying discovery pending motion to dismiss when "the sole result of such discovery, pending resolution of the [defendant's] motion [to dismiss] would be cost and inconvenience, which would impose an undue burden on the time and resources of the [defendant] and its agents.").

4.  Because the motion to dismiss is based on the threshold issue of personal jurisdiction and the resolution of the motion to dismiss, if granted, will dispose of the litigation in its entirety, a stay of merits discovery is appropriate. *See, e.g., Bilah*, 2007 U.S. Dist. LEXIS 41983, at *5-6 (staying discovery pending ruling on motion to dismiss); *Lantz v. Am. Honda Motor Co., Inc.*, No. 06 C 5932, Minute Order of 3/7/07, Doc. 35 (N.D. Ill. Mar. 7, 2007) (*cited in* 2007 U.S. Dist. LEXIS 34948, at *8 (N.D. Ill. May 14, 2007)) (same); *Douglas*, 2006 U.S. Dist. Lexis 18063, at *2 (same); *Cataldo*, 2002 U.S. Dist. LEXIS 1590, at *5 (same); *Cemail*, 1997 U.S. Dist. LEXIS 8990, at *2 (same).

5.  Finally, CSSC would not be prejudiced by a stay of merits discovery pending a decision on the motion to dismiss. There is no allegation in the First Amended Complaint indicating that time is of the essence in the prosecution of this action. CSSC was issued its

purported patent more than two and a half years ago, on June 7, 2005. (Docket No. 7, First Am. Compl. at Exhibit D). Additionally, if the motion to dismiss is granted, the CSSC's First Amended Complaint will be dismissed in its entirety and CSSC will be saved the time, effort and cost of conducting useless discovery in the Northern District of Illinois.

6.  In accordance with Fed. R. Civ. P. 26 and Local Rule 37.2, counsel for MODA, Mr. Melick and Mr. Goetter has conferred in good faith with CSSC's counsel in an effort to reach an agreement regarding the stay of discovery pending a ruling on the motion of MODA, Mr. Melick and Mr. Goetter to dismiss for lack of personal jurisdiction. Jordan L. Jonas, counsel for MODA, Mr. Melick and Mr. Goetter conferred telephonically with Geoffrey Baker, Esquire, counsel for CSSC, on January 22, 2008 at 3:20 P.M. central time. At this time, the parties were unable to reach an agreement regarding discovery.

7. In conclusion, a stay of merits discovery is warranted in this case and would preserve the resources of the Court and all the parties. The motion to dismiss for lack of personal jurisdiction is dispositive and the Court's ruling on the motion could potentially end this litigation in its entirety.

Dated: January 23, 2008                    Respect submitted,

/s/   Jordan L. Jonas
Ian Fisher (IL Bar No. 6224920)
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 701-9300

David J. Wolfsohn
Steven B. Samuels
Jordan L. Jonas (IL Bar No. 6286508)
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

*Attorneys for MODA Technology Partners, Inc., Steven P. Melick and Michael S. Goetter*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

>Geoffrey A. Baker
>Dowell Baker, P.C.
>229 Randolph Street
>Oak Park, IL  60302

>/s/   Jordan L. Jonas
>One of the attorneys for MODA Technology Partners, Inc., Steven P. Melick and Michael S. Goetter