**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 07-CV-6752 |
| v. | ) ) | Judge Manning |
| | ) | Magistrate Judge Nolan |
| MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, STEVEN P. MELICK and ANEXINET CORP. | ) ) ) ) | JURY TRIAL REQUESTED |
| Defendants. | ) | |

**MOTION TO COMPEL AND TO ENLARGE BRIEFING SCHEDULE**

Plaintiff Compliance Software Solutions Corporation ("CSSC") respectfully moves for an order compelling Defendants MODA Technology Partners, Inc., Michael S. Goetter and Steven P. Melick (collectively "MODA") to produce executable software demonstrations of the products and product features that CSSC alleges infringe CSSC's patent and/or copyright. Additionally, due to MODA's failure to produce the requested materials, CSSC seeks additional time to respond to MODA's motion to dismiss for lack of personal jurisdiction. CSSC would also agree to enlarge the time for MODA to reply to CSSC's response. CSSC states as follows in support of its motion:

1. On November 30, 2007, CSSC filed its Complaint in this case alleging copyright infringement;

2. On December 14, 2007, CSSC amended its complaint adding a count of patent infringement;

3. On January 18, 2008, CSSC and Defendant Anexinet Corp. stipulated to the dismissal of Anexinet Corp;

4. On February 12, 2008, MODA presented its motion to dismiss this action for want of personal jurisdiction. At that time, the Court permitted discovery related to its jurisdiction over MODA;

5. CSSC promptly sought discovery related to the Court's jurisdiction over MODA;

6. On March 17, 2008, the parties agreed to enlarge the briefing schedule, and the Court agreed to extend the dates to April 1, 2008 for CSSC's response in opposition to MODA's motion to dismiss and April 15, 2008 for MODA's reply brief;

7. On March 31, 2008, MODA produced approximately 110 pages of documents, including emails and letters (most notably there is repeated correspondence with Abbott Laboratories in Waukegan, IL) regarding MODA's sales efforts of the infringing products at the 2007 trade show called Pittcon that took place in Chicago in 2007;[1]

8. MODA agreed to allow CSSC an additional week to digest MODA's late production of documents and also to respond to MODA's motion to dismiss – moving that date back to April 8, 2008;

9. Unfortunately, MODA continues to refuse to produce executable software that was used in Chicago to demonstrate the infringing products. *See* Ex. A, April 2, 2008 email correspondence between counsel for MODA and CSSC. At least one MODA executive has already testified that a demonstration laptop, with the executable software showing the products and/or features accused of infringement by CSSC, was

---

[1] MODA produced all of these documents with a highly confidential or attorneys' eyes only designation. There is no protective order entered in this matter. MODA, the only party that has thus far asserted a need for a protective order, has never proposed any language for a protective order.

2

in Chicago at the Pittcon trade show in 2007.[2] During that deposition, counsel for CSSC immediately asked for production of the executable software and other documents. *See* Ex. B, Goetter Dep. Tr. at 95:22-96:1 ("The executable and other contents from the demo laptop that was actually at the Pittcon 2007 conference in Chicago"). CSSC then served MODA with specific document requests. *See* Ex. C. MODA, in turn, served written responses that, among other things, flatly refused to produce the executable software. *See* Ex. D;

10. As this Court knows, Congress defines patent infringement as making, using, selling or offering for sale another's patented invention. *See* 35 U.S.C. § 271(a);

11. The Federal Circuit has adopted a three-prong test for determining whether the exercise of specific personal jurisdiction comports with due process. The Federal Circuit's test looks to whether

   a. (1) the defendant purposefully directed its activities at residents of the forum state (here, MODA came to a trade show at McCormick Place and had continuing communication with Abbott Laboratories of Waukegan);

   b. (2) the claim arises out of or relates to the defendant's activities with the forum state (CSSC alleged that MODA infringed CSSC's 370 patent by, among other things, offering for sale the MODA FDC feature of the MODA EM product here in Illinois); and,

---

[2] The MODA executive's testimony and the late-produced documents are in stark contrast to MODA's representations in its briefing to the Court. In the second sentence of its brief supporting its motion to dismiss, MODA boldly claimed that it "does no business in Illinois" and has "never sold or offered to sell anything there" and even that Mike Goetter, who attended the Pittcon trade show at McCormick Place in Chicago in 2007, "ha[s] not sold or offered for sale any MODA products [in Illinois]." Ex. E, MODA Memo. at 1. Those statements can only be characterized as highly misleading or patently false. Either way, they should give the Court pause.

      c. (3) assertion of personal jurisdiction is reasonable and fair. *Elec. For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350 (Fed.Cir. 2003), *cert. denied,* 540 U.S. 1111, 124 S.Ct. 1085, 157 L.Ed.2d 899 (2004).

12. While the plaintiff bears the burden on the first two prongs, upon such a showing, the defendant must prove that the exercise of jurisdiction is unreasonable. *Id.*;

13. CSSC requested the executables of the demonstrations of the infringing products at the deposition of Michael Goetter. Mr. Goetter testified that the executables at the Pittcon trade show at McCormick Place showed the features of the MODA EM Solution and the MODA FDC, the two infringing products. Accordingly, the executables are highly probative of the first and second prong of the Federal Circuit's test to related to this Court's jurisdiction over MODA.

14. The executables are also relevant to the issues related to MODA's infringement in this judicial district as alleged by CSSC.

For good cause shown, the Court is respectfully asked to compel MODA to produce the executable software demonstrations of the infringing products and to allow an additional ten days from the date that CSSC receives those documents for CSSC to respond to MODA's motion to dismiss. Alternatively, the Court should determine that MODA has waived its right to object to this Court exercising personal jurisdiction over MODA. Lastly, the Court should award CSSC its attorney costs and fees related to MODA's motion to dismiss, including this motion.

Dated: April 2, 2008                            Respectfully submitted,

                                                  /s/ Geoffrey A. Baker

                                                  Geoffrey A. Baker
                                                  Anthony E. Dowell
                                                  DOWELL BAKER, P.C.

        229 Randolph Street
        Oak Park, IL 60302
        (708) 660-1413
        (312) 873-4466 (facsimile)
        **Attorneys for Plaintiff**
        **Compliance Software Solutions Corp.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2008, I electronically filed the foregoing MOTION TO COMPEL AND TO ENLARGE BRIEFING SCHEDULE with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which in turn served Defendants via email as follows:

David J. Wolfsohn
Woodcock Washburn, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
wolfsohn@woodcock.com
Counsel for MODA Technology Partners, Inc.
and Messrs. Goetter and Melick

　　　　　　　　　　　　　　　　　　　　　　　/s/ Geoffrey A. Baker