IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION,** <br><br> Plaintiff, <br><br> v. <br><br> **MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, STEVEN P. MELICK and ANEXINET CORP.,** <br><br> Defendants. | Case No. 07-6752 <br><br> **Judge Manning** <br> **Magistrate Judge Nolan** |

**DEFENDANTS' CORRECTED RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF
<u>DOCUMENTS AND THINGS</u>**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants MODA Technology Partners, Inc., Steven P. Melick and Michael S. Goetter ("MODA") hereby respond to plaintiff Compliance Software Solutions, Corporation's ("CSSC") First Set of Requests for the Production of Documents and Things as follows:

<u>**GENERAL OBJECTIONS**</u>

1. MODA objects to each of CSSC's requests to the extent it seeks, or may be construed to seek, any document that is protected from discovery by reason of the attorney-client privilege, the work product doctrine, and/or the protections afforded by Rule 26(b)(4)(B). The specific objections stated below on the grounds of attorney-client privilege, work product, and/or Rule 26(b)(4)(B) in no way limit the generality of this objection. Nothing contained in these responses is intended to be, nor should be considered to be, a waiver of any attorney-client privilege, work product immunity, Rule 26(b)(4)(B) protection, or any other applicable

privilege or doctrine. To the extent any privileged or otherwise protected materials are inadvertently produced, MODA does not waive any privileges or rights as to those documents.

2. MODA objects to the requests to the extent that they seek MODA's confidential or proprietary information and/or trade secrets. MODA will not produce such documents until a suitable protective order has been entered by the Court.

3. MODA objects to the requests on the ground that they are unlimited in terms of time period. MODA will respond to the requests as if they were limited in time period to January 1, 2005 to the present.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents evidencing, or tending to evidence, any activity of defendants in or related to the State of Illinois, including, but not limited to, commercial activity, including, but not limited to, the sale and/or marketing of any MODA produce and service.

**RESPONSE:** Defendants object to this request on the ground that it is overly broad, vague and ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and beyond the scope of the issues raised by defendants' motion to dismiss for lack of personal jurisdiction. Defendants object to this request to the extent that it calls for documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants object to the terms "marketing" and "in or related to" as vague and ambiguous. Notwithstanding and without waiver of the foregoing objections and the General Objections, defendants incorporate the deposition testimony of Messrs. Goetter and Melick. In addition, defendants respond to this request as if it were narrowed to request documents constituting or related to sales or offers for sale to customers in the State of Illinois. As so narrowed, there are no responsive documents.

**REQUEST NO. 2:** All documents evidencing, or tending to evidence, any of the information identified at the deposition of Michael S. Goetter on February 27, 2008 related to commercial activity of defendants, including, but not limited to, the sale and/or marketing of any MODA product or service.

**RESPONSE:** Defendants object to this request on the ground that it is overly broad, vague and ambiguous, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and beyond the scope of the issues raised by defendants' motion to dismiss for lack of personal jurisdiction. Defendants object to this request to the extent that it calls for documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants object to the term "marketing" as vague and ambiguous. Notwithstanding and without waiver of the foregoing objections and the General Objections, defendants incorporate the deposition testimony of Messrs. Goetter and Melick. Defendants further object to this request on the ground that it is vague, ambiguous and amorphous because it requests documents relating to any "information" identified by Mr. Melick. Defendants should not have to guess at which items plaintiff is specifically requesting.

**REQUEST NO. 3:** All documents evidencing, or tending to evidence, any of the information identified at the deposition of Steven P. Melick on February 27, 2008 related to commercial activity of defendants, including, but not limited to, the sale and/or marketing of any MODA product or service.

**RESPONSE:** Defendants object to this request on the ground that it is overly broad, vague and ambiguous, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and beyond the scope of the issues raised by defendants' motion to dismiss for lack

of personal jurisdiction. Defendants object to this request to the extent that it calls for documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants object to the term "marketing" as vague and ambiguous. Notwithstanding and without waiver of the foregoing objections and the General Objections, defendants incorporate the deposition testimony of Messrs. Goetter and Melick. Defendants further object to this request on the ground that it is vague, ambiguous and amorphous because it requests documents relating to any "information" identified by Mr. Melick. Defendants should not have to guess at which items plaintiff is specifically requesting.

**REQUEST NO. 4:** All documents evidencing, or tending to evidence, any of the information identified at the deposition of Michael S. Goetter on February 27, 2008 related to commercial activity of defendants, including, but not limited to, the specific items identified on the record and summarized at pages 94:21-97:4. *See* Ex. A. Goetter Dep. Tr. rough draft.

**RESPONSE:** Defendants object to this request on the ground that it is overly broad, vague and ambiguous, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and beyond the scope of the issues raised by defendants' motion to dismiss for lack of personal jurisdiction. Defendants object to this request to the extent that it calls for documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Defendants further object to this request on the ground that the reference to "any of the information identified at the deposition of Michael S. Goetter" is vague and amorphous. Defendants should not have to guess at what plaintiff is specifically requesting. Notwithstanding and without waiver of the General Objections and the foregoing objections, defendants object to producing a customer list, since none of MODA's customers is

located in Illinois; Defendants object to producing price spreadsheets since they do not relate to any transactions in Illinois; defendants will produce a set of slides relating to the MODA EM Solution; defendants object to producing the executables and other contents from the demo laptop that was actually at the Pittcon 2007 conference as overly broad, unduly burdensome, and unrelated to the jurisdictional issue; defendants object to producing correspondence between MODA and "the business partners listed" on MODA's website as overly broad unduly burdensome, and unrelated to the jurisdictional issue; defendants will produce correspondence between it and Abbott to the extent that correspondence relates directly to the MODA EM Solution; and MODA will produce email and notes or memoranda related to the Pittcon 2007 conference to the extent such documents are reasonably available.

Dated: March 17, 2008

WOODCOCK WASHBURN LLP

_/s/ David J. Wolfsohn_

David J. Wolfsohn
Steven B. Samuels
Jordan L. Jonas
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

— and —

Ian Fisher (IL Bar No. 6224920)
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 701-9300

Attorneys for MODA Technology Partners, Inc., Steven P. Melick and Michael S. Goetter

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2008, I caused a copy of the foregoing Defendants' Corrected Responses and Objections to Plaintiff's First Set of Requests for Production of Document and Things to be served on the following by email and first-class:

Geoffrey A. Baker, Esquire
Dowell Baker, P.C.
229 Randolph Street
Oak Park, IL  60302


_____
Jordan L. Jonas