IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION,    )<br>)<br>)<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>MODA TECHNOLOGY PARTNERS, )<br>INC., MICHAEL S. GOETTER, )<br>STEVEN P. MELICK and ANEXINET )<br>CORP.,    )<br>)<br>Defendants.    ) | Civil Action No. 07-CV-6752<br><br>Judge Manning<br>Magistrate Judge Nolan |

**OPPOSITION OF DEFENDANTS STEVEN P. MELICK, MICHAEL S. GOETTER, AND MODA TECHNOLOGY PARTNERS, INC. TO PLAINTIFF CSSC'S MOTION TO COMPEL AND TO ENLARGE BRIEFING SCHEDULE**

Defendants MODA Technology Partners, Inc., Michael S. Goetter, and Steven P. Melick hereby oppose plaintiff Compliance Software Solutions, Corporation's ("CSSC") motion to compel the production of copies of certain allegedly infringing software executables. (Docket No. 23). The executable files CSSC seeks are a demonstration version of certain software that MODA licenses to its customers. The software relates to merits discovery, which has been stayed by this Court. Although CSSC argues that the software is "relevant," it does not explain why that might be. Moreover, despites the requirements of Local Rule 37.2, CSSC's counsel has never explained to defendants' counsel why he thinks the software executables are related to jurisdiction. Defendants have never denied that certain software was, indeed, brought to Chicago in February 2007 for the Pittcon trade show. CSSC therefore does not need to examine the executables of that software for purposes of briefing its opposition to defendants' motion to dismiss for lack of personal jurisdiction. The particulars of that software are simply irrelevant to

1

the question of defendants' contacts with Illinois. CSSC has the burden to show this Court has personal jurisdiction over defendants. Even though CSSC has taken two depositions and served document requests, it cannot meet this burden. CSSC has no evidence that the executable files were ever run at Pittcon. CSSC is now simply grasping at straws, trying to force defendants to produce these executable files that are completely irrelevant to personal jurisdiction. Because it is clear that defendants MODA, Mike Goetter, and Steve Melick never offered to sell or sold any allegedly infringing software in Illinois, the motion to dismiss should be granted. CSSC's request for executables has been requested to harass Messrs. Goetter and Melick and MODA, to attempt to begin merits discovery in violation of this Court's order staying such discovery, and delay the filing of CSSC's opposition brief, which has already been twice extended at CSSC's request. In support of defendants' opposition, defendants state as follows:

1.  CSSC's amended complaint alleges that MODA's products, including the MODA-FDC platform, infringe CSSC's purported copyrights and patent. (Docket. No. 7 ¶¶ 23, 35).

2.  Messrs. Melick and Goetter and MODA have moved to dismiss CSSC's amended complaint for lack of personal jurisdiction. (Docket No. 12).

3.  On February 12, 2008, this Court permitted CSSC to conduct limited discovery relating to personal jurisdiction but stayed all merits discovery pending the resolution of defendants' motion to dismiss for lack of personal jurisdiction. (Docket No. 20). CSSC agreed to the Court's briefing schedule, which provided that CSSC's opposition to defendants' motion to dismiss would be due on March 18, 2008.

4.  On February 27, 2008, CSSC deposed Mr. Melick and Mr. Goetter.

5. After the depositions, on February 29, 2008, CSSC served on defendants a document requests. (Docket No. 23 at Exhibit C).

6. On March 17, 2008, defendants produced documents in response and also served on CSSC their responses and objections. (Docket No. 23 at Exhibit D). Among other things, defendants objected to producing executables from the demonstration laptop that was at the Pittcon 2007 tradeshow. (*Id.* at Response to Request No. 4). CSSC asked defendants to consent to a two-week extension to file CSSC's opposition, and defendants agreed.

7. On March 31, 2008, MODA supplemented its production. CSSC argues that this production contains "repeated correspondence with Abbott Laboratories in Waukegan, IL," (Docket No. 23, CSSC's Motion to Compel ¶ 7), but this assertion is erroneous. Indeed, contrary to CSSC's assertion, on March 31, MODA produced *no* correspondence between MODA and Abbott Laboratories. (Exhibit 1, Second Decl. of Steven P. Melick ¶ 2). MODA can only speculate as to how CSSC could make this mistake, and can only imagine that CSSC believes that the reference to "AB" in MODA's production refers to "Abbott." CSSC is mistaken. "AB" refers to "Applied Biosystems." (*Id.* ¶ 3). Applied Biosystems is a business partner of MODA and is not located in Illinois. (*Id.*). "AB" does not refer to "Abbott." (*Id.*).

8. The MODA laptop that was brought to the Pittcon conference had certain demonstration versions of MODA's software. This demonstration laptop is no longer used as a demonstration laptop and was converted for use by another department after the Pittcon conference and before this litigation commenced. The computer no longer contains the exact same executables that it had at the time of the Pittcon conference. Defendants have certain executable versions that it believes are similar to the versions that were available on the demonstration laptop.

9. There is no evidence that any of the executables, much less those executables that CSSC would argue infringe its patent, on the MODA laptop at the Pittcon conference were in fact run at that conference. Indeed, Mr. Goetter testified that he showed a "trends chart" from the laptop, but he did not recall using the laptop to show any other product features of MODA's software. (Ex. 2, Goetter Dep. at 68:23-70:14). Nor did he testify that any particular executables were run at Pittcon. Of course, production of the executable files themselves would not support CSSC's apparent contention that they were run, notwithstanding Mr. Goetter's testimony. Accordingly, production of the executables is simply irrelevant to resolution of the personal jurisdiction motion.

10. While certain software executables might be relevant to the *merits* of the case, this Court has stayed all discovery relating to the merits. (Docket No. 20).

11. In CSSC's recitation of the test for specific personal jurisdiction, CSSC states that MODA has infringed CSSC's patent by "offering for sale the MODA FDC feature of the MODA EM product in Illinois." (Docket No. 23 ¶ 11). This assertion is false; there is no evidence of any sale or offer for sale of the MODA EM product in Illinois. Putting that aside, however, production of the executable files themselves could not possibly show any alleged offer for sale. Indeed, CSSC has never explained how production of the executables relates to personal jurisdiction; its motion is, therefore, without merit, and defendants hereby request that, in addition to denying CSSC's motion, defendants be awarded their fees in costs in responding to it.

Dated: April 7, 2008 Respectfully submitted,

/s/ Jordan L. Jonas
Ian Fisher (IL Bar No. 6224920)
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 701-9300

David J. Wolfsohn
Steven B. Samuels
Jordan L. Jonas (IL Bar No. 6286508)
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

*Attorneys for MODA Technology Partners, Inc., Steven P. Melick and Michael S. Goetter*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

> Geoffrey A. Baker
> Dowell Baker, P.C.
> 229 Randolph Street
> Oak Park, IL  60302

/s/   Jordan L. Jonas
One of the attorneys for MODA Technology Partners, Inc., Steven P. Melick and Michael S. Goetter

6