IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION,  ) ) ) Plaintiff,  ) ) v.  ) ) MODA TECHNOLOGY PARTNERS, INC.,  ) MICHAEL S. GOETTER, STEVEN P.  ) MELICK and ANEXINET CORP.  ) ) Defendants.  ) | Case No.: 07-CV-6752  Judge Manning Magistrate Judge Nolan  JURY TRIAL REQUESTED |

**REPLY IN SUPPORT OF MOTION TO COMPEL
AND TO ENLARGE BRIEFING SCHEDULE**

On April 2, 2008, Plaintiff Compliance Software Solutions Corporation ("CSSC") respectfully moved for an order compelling Defendants MODA Technology Partners, Inc., Michael S. Goetter and Steven P. Melick (collectively "MODA") to produce executable software demonstrations of the products and product features that CSSC alleges infringe CSSC's patent and/or copyright.[1] Additionally, due to MODA's failure to produce the requested materials, CSSC sought additional time to respond to MODA's motion to dismiss for lack of personal jurisdiction.

MODA 'opposed' CSSC's motion, but MODA's April 7, 2008 'opposition' conceded that "[t]he executable files CSSC seeks are a demonstration version of certain software that MODA licenses to its customers." MODA Opp., Doc. #25, at 1. MODA also conceded that "[t]he software relates to merits discovery." *Id.* MODA even conceded that this very software

---

[1] This case is a copyright and patent infringement action. CSSC accused the very software that MODA brought into this jurisdiction of infringing CSSC's copyright and patent. Despite admitting that the accused software was a a major trade show at McCormick Place, MODA still challenged this Court's jurisdiction over the Defendants. And, Defendants refuse to even produce the software that they brought into this jurisdiction.

accused of patent and copyright infringement "was, indeed, brought to Chicago in February 2007 for the Pittcon trade show." *Id.*

MODA does not stop there in demonstrating that the accused software is discoverable and that MODA has the information that CSSC seeks. "The MODA laptop that was brought to the Pittcon conference [in Chicago] had certain demonstration versions of MODA's software." *Id.* at 3. "Defendants [still] have certain executable versions that it believes [sic, they believe] are similar to the versions that were available on the demonstration laptop" that was at the Pittcon conference in Chicago in 2007. *Id.*

Defendants do not appear to have an explanation for refusing to produce this clearly discoverable matter. Instead, Defendants' position seems to be simply that CSSC can't prove the software demonstrations (accused of infringement) that Defendants brought to a major trade show at McCormick Place were actually shown to anyone. But, the minimal, redacted documents produced thus far by Defendants clearly show that Pittcon was a sales event. *See, e.g.,* MODA 0000062.[2] There is simply no justification for Defendants' refusal to produce the clearly discoverable information.

As this Court knows, the test for discovery is whether the information sought is reasonably calculated to lead to the discovery of admissible evidence. Here, Defendants concede the relevance of the executable software for "merits discovery." Defendants, nevertheless, cling to an unsupported theory that the same information is not discoverable for purposes of demonstrating this Court's jurisdiction over Defendants. According to Congress, each and every act of infringement is actionable and the subject of a cause of action. *See* 35 U.S.C. §§ 271 and 281; 17 U.S.C. § 106 and 501. The Federal Circuit has adopted a three-prong test for

---

[2] Defendants have marked the heavily redacted documents that they have produced thus far as Attorneys Eyes Only. Accordingly, CSSC will provide the Court with MODA 0000001-3 and MODA 0000043-62 for *in camera* review along with this motion.

2

determining whether the exercise of specific personal jurisdiction comports with due process. The Federal Circuit's test looks to whether

> (1) the defendant purposefully directed its activities at residents of the forum state (e.g., MODA came to a trade show at McCormick Place and had continuing communication with Abbott Laboratories of Waukegan – *see, e.g.,* MODA 0000001-3);
>
> (2) the claim arises out of or relates to the defendants' activities with the forum state (e.g., CSSC alleged that MODA infringed CSSC's 370 patent by, among other things, offering for sale the MODA FDC feature of the MODA EM product here in Illinois); and,
>
> (3) assertion of personal jurisdiction is reasonable and fair. *Elec. For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350 (Fed.Cir. 2003), *cert. denied,*540 U.S. 1111, 124 S.Ct. 1085, 157 L.Ed.2d 899 (2004).

While the plaintiff bears the burden on the first two prongs, upon such a showing, the defendant must prove that the exercise of jurisdiction is unreasonable. *Id.*

Defendants essentially concede the first two prongs of the Federal Circuit's test of specific jurisdiction and offer nothing to show that this Court's exercise of jurisdiction over them is unreasonable. Accordingly, there can be no question that the information that CSSC seeks (the very software that Defendants brought into this jurisdiction that infringes CSSC's intellectual property rights) is discoverable and even highly probative of the first and second prong of the Federal Circuit's test related to this Court's jurisdiction over Defendants.

Likewise, there can be no question that Defendants should have produced this information when asked and should not have forced CSSC to have engaged this Court to compel production of the clearly discoverable matter.

For good cause shown, the Court is respectfully asked to compel MODA to produce the executable software demonstrations of the infringing products and to allow an additional ten days from the date that CSSC receives those documents for CSSC to respond to MODA's motion to dismiss.  Alternatively, the Court should determine that MODA has waived its right to object to this Court exercising personal jurisdiction over MODA.  Lastly, the Court should award CSSC its attorney costs and fees related to Defendants' motion to dismiss, including this motion.[3]

Dated: April 24, 2008                                   Respectfully submitted,

/s/ Geoffrey A. Baker

Geoffrey A. Baker
Anthony E. Dowell
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)
**Attorneys for Plaintiff**
**Compliance Software Solutions Corp.**

---

[3] Upon compelling Defendants to produce the requested information, Fed.R.Civ.P. 37(a)(5)(A) requires this Court to order Defendants and/or their counsel to pay CSSC its costs, including attorney fees, associated with this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008, I electronically filed the foregoing REPLY IN SUPPORT OF MOTION TO COMPEL AND TO ENLARGE BRIEFING SCHEDULE with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which in turn served Defendants via email as follows:

David J. Wolfsohn
Woodcock Washburn, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
wolfsohn@woodcock.com
Counsel for MODA Technology Partners, Inc.
and Messrs. Goetter and Melick

/s/ Geoffrey A. Baker