# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Blanche M. Manning | **Sitting Judge if Other than Assigned Judge** | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6752 | **DATE** | 4/25/2008 |
| **CASE TITLE** | Compliance Software Solutions, Corp vs. Moda Technology Partners, Inc, et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's Motion to Compel and to Enlarge Briefing Schedule [Doc. 23] is granted in part and denied in part.

■[ For further details see text below.]        Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff Compliance Software Solutions Corporation ("CSSC") filed suit against Defendants MODA Technology Partners, Inc., Michael S. Goetter and Steven P. Melick (collectively, "MODA"), alleging copyright and patent infringement. MODA has moved to dismiss the case for want of personal jurisdiction, and the district court has granted a stay of discovery except as it relates to that issue. (Minute Order of 2/12/08, Doc. 20.)

    In this motion, CSSC claims that MODA is improperly refusing to produce copies of certain allegedly infringing software executables that constitute a demonstration version of software that MODA licenses to its customers. MODA insists that it should not be required to produce its proprietary software at this time because it has no relevance to the issue of personal jurisdiction. CSSC argues that the executables are relevant to the jurisdiction question because MODA took a laptop containing the software to the February 2007 Pittcon trade show in Chicago.

    MODA does not dispute that it took the software to the Chicago trade show, and CSSC is free to utilize this information in responding to MODA's motion to dismiss. CSSC may also introduce documents it believes demonstrate that Pittcon was a sales event. (Pl. Reply, at 2). That said, there is nothing to suggest that viewing the allegedly infringing software itself will somehow reveal that MODA sold or offered to sell it in Illinois. CSSC has not shown how production of the underlying executable files is relevant to establishing personal jurisdiction, and its motion to compel is denied. *Ligas v. Maram*, No. 05 C 4331, 2007 WL 2316940, at *3 (N.D. Ill. Aug. 10, 2007) (citing *Leffler v. Meer*, 60 F.3d 369, 374 (7th Cir. 1995)) ("The Court has broad discretion in determining questions of relevancy.") In view of the time taken to resolve this dispute, however, CSSC's response to MODA's motion to dismiss is now due on May 9, 2008.