IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION, ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Civil Action No. 07-CV-6752 |
| MODA TECHNOLOGY PARTNERS, ) INC., MICHAEL S. GOETTER, ) STEVEN P. MELICK and ANEXINET ) CORP., ) ) | Judge Manning  Magistrate Judge Nolan |
| **Defendants.** ) | |

**INITIAL STATUS REPORT**

Pursuant to the Court's Order (Docket No. 27), plaintiff Compliance Software Solutions, Corporation ("Plaintiff") and defendants MODA Technology Partners, Inc., Michael S. Goetter, and Steven P. Melick ("Defendants") hereby submit this initial status report. Defendant Anexinet Corp. settled with Plaintiff and was voluntarily dismissed from this action.

**I.      BRIEF SUMMARY OF THE CLAIMS ASSERTED**

**Plaintiff's Statement:**

This is a copyright and patent infringement action concerning Defendants' environmental monitoring software. Plaintiff alleges that Defendants' MODA EM and MODA FDC environmental monitoring software infringes Plaintiff's copyright and also United States Patent No. 6,904,370. Defendants' patent infringement is believed to be literal and under the doctrine of equivalents. Defendants' patent infringement is also direct and via inducing others to directly infringe. Plaintiff has successfully enforced its copyright against The Sycamore Group, Inc.

1

(formerly owned and operated by Defendants Melick and Goetter) in this Court (Civil Action No. 05-C-5116). *See* Exs. B and C to Amended Complaint. In the settlement agreement ending that suit, signed by Defendant Steven P. Melick, "ImClone and Sycamore expressly acknowledge[d] the validity of CSSC's copyright rights in its EMSS software." *See* Ex. B to Amended Complaint at ¶ 6.

### **Defendants' Statement:**

Defendants believe Plaintiff's patent and copyrights are invalid. Defendants deny that they are infringing Plaintiff's purported copyright, and Defendants deny that they are infringing Plaintiff's purported patent either literally or under the doctrine of equivalents, or directly or by inducing others. Additionally, Plaintiff's characterization of the lawsuit between CSSC, ImClone Systems, Inc. and The Sycamore Group is incorrect. Two months after CSSC filed suit against The Sycamore Group and ImClone, The Sycamore Group and ImClone executed a settlement agreement with CSSC and specifically denied the allegations of copyright infringement made by CSSC. *See* Ex. B to Amended Complaint at 2 and ¶ 6. The Sycamore Group paid nothing to settle the case. All payments were made by ImClone to avoid the cost of litigation.

## II.  BRIEF STATEMENT OF THE RELIEF SOUGHT

### **Plaintiff's Statement**:

Plaintiff seeks monetary damages as compensation in an amount no less than a reasonable royalty. *See* 35 U.S.C. § 284, 17 U.S.C. § 504. Plaintiff also seeks enhanced damages, attorney fees, costs and pre- and post-judgment interest. *See* 35 U.S.C. §285; 17 U.S.C. § 505. Additionally, Plaintiff seeks a permanent injunction prohibiting Defendants and

all other working in active concert with them from making, using, selling or offering for sale the infringing products. *See* 35 U.S.C. § 283; 17 U.S.C. § 502.

### III. BRIEF DESCRIPTION OF THE MATTER REFERRED TO THE MAGISTRATE JUDGE

The Order referring this case to this Court is attached as Exhibit A and states in relevant part:

> This case is referred to Magistrate Judge Nolan for discovery supervision, ruling on all nondispositive pretrial motions, including plaintiff's motion to compel, as well as settlement discussions at the appropriate time. Magistrate Judge Nolan may reset the response date set by this court on the defendant's motion to dismiss.

(Docket No. 26).

### IV. STATUS OF ANY BRIEFING ON THE MATTERS REFERRED

Plaintiff filed a motion to compel on April 2, 2008 (Docket No. 23), Defendants filed their opposition to Plaintiff's motion to compel on April 7, 2008 (Docket No. 25), and Plaintiff filed its reply on April 24, 2008. (Docket No. 30). The Court denied Plaintiff's motion to compel on April 25, 2008. (Docket No. 31). Plaintiff has not yet determined whether it will appeal that decision.

### V. DESCRIPTION OF DISCOVERY

On January 23, 2008, Defendants filed a motion to dismiss for lack of personal jurisdiction and a motion to stay discovery pending resolution of Defendants' motion to dismiss. (Docket Nos. 12, 15). On February 12, 2008, Judge Manning granted Defendants' motion to stay discovery except for what relates to jurisdictional issues. (Ex. B, Docket No. 20). Judge Manning allowed Plaintiff to take two depositions not to exceed three hours each. (*Id.*). On

February 27, 2008, Plaintiff deposed Mr. Melick and Mr. Goetter. On February 29, 2008, Plaintiff served on Defendants document requests. On March 17, 2008, Defendants produced documents in response and served on Plaintiff responses and objections. On March 31, 2008, Defendants supplemented their production.

No additional depositions relating to jurisdictional issues are contemplated in the future. Defendants do not contemplate additional written discovery related to jurisdictional issues.

**Plaintiff's Statement:**

Given the substantial likelihood that the Court will exercise jurisdiction over Defendants, Plaintiff respectfully disagrees with Defendants position regarding a schedule. This case was filed over five months ago and a discovery schedule should be agreed to by the parties and entered. An agreed-to schedule could also easily travel with the parties in the unlikely event that this Court does not exercise jurisdiction over the Defendants. Delaying the scheduling and conducting of discovery in this case is prejudicial to Plaintiff and contrary to the interest of justice.

Plaintiff proposes the following dates as a discovery schedule:

| | |
|---|---|
| Fact Discovery Ends | October 31, 2008 |
| Expert Reports Due (burden issues) | November 21, 2008 |
| Rebuttal Expert Reports Due | December 5, 2008 |
| Expert Discovery Ends | December 19, 2008 |
| Dispositive Motions Due | January 16, 2009 |
| Responses to Dispositive Motions Due | February 6, 2009 |
| Replies to Dispositive Motions Due | February 20, 2009. |

**Defendants' Statement:**

Pursuant to Judge Manning's Order granting Defendants' motion to stay discovery except for what relates to jurisdictional issues (Docket No. 20), Defendants believe that the setting of deadlines and the trial date should await the resolution of the motion to dismiss for lack of jurisdiction. Defendants respectfully disagree with the schedule suggested by Plaintiff. Defendants believe that their motion to dismiss for lack of personal jurisdiction will be granted, and therefore, a discovery schedule set by this Court will be unnecessary. If CSSC were to refile in a jurisdiction where Defendants are subject to personal jurisdiction, an agreed schedule may not easily travel with the parties. Some district courts and judges have rules specific to patent cases that could affect the scope and timing of discovery in that jurisdiction. The court would be required to conduct a *Markman* hearing to construe the claims of the patent, and this is usually completed before dispositive motions. Depending on where the case is refiled, the location of depositions could be affected. If CSSC were truly interested in proceeding with discovery, it would have sued Defendants in the Eastern District of Pennsylvania where Defendants have admitted they are subject to personal jurisdiction. Plaintiff has not moved for a preliminary injunction, and thus has tacitly admitted that it is not being irreparably harmed by Defendants' alleged infringement.

## VI.  WHETHER THE PARTIES WILL CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE

The parties do not consent to trial before the Magistrate Judge.

**VII.   STATUS OF SETTLEMENT NEGOTIATIONS**

On January 8, 2008, Plaintiff made a settlement demand. Defendants have not responded to Plaintiff's demand. Defendants do not believe the demand was reasonable because it sought far more money than plaintiff could possibly recover if it prevailed on everything it seeks.


Dated: April 28, 2008                           Respectfully submitted,


| | |
|---|---|
| /s/Geoffrey A. Baker | /s/ Jordan L. Jonas |
| Geoffrey A. Baker | Ian Fisher (IL Bar No. 6224920) |
| Anthony E. Dowell | SCHOPF & WEISS LLP |
| DOWELL BAKER, P.C. | One South Wacker Drive, 28th Floor |
| 229 Randolph Street | Chicago, IL 60606 |
| Oak Park, IL  60302 | (312) 701-9300 |
| (708) 660-1413 | |
| | David J. Wolfsohn |
| *Attorneys for Plaintiff Compliance Software Solutions Corp.* | Steven B. Samuels |
| | Jordan L. Jonas (IL Bar No. 6286508) |
| | WOODCOCK WASHBURN LLP |
| | Cira Centre, 12th Floor |
| | 2929 Arch Street |
| | Philadelphia, PA 19104 |
| | (215) 568-3100 |
| | |
| | *Attorneys for MODA Technology Partners, Inc., Steven P. Melick and Michael S. Goetter* |