IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 07-CV-6752 |
| v. | ) ) | Judge Manning |
| | ) | Magistrate Judge Nolan |
| MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, STEVEN P. MELICK and ANEXINET CORP. | ) ) ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Compliance Software Solutions Corporation ("CSSC") respectfully opposes Defendants' MODA Technology Partners, Inc. ("MODA"), Michael S. Goetter and Steven P. Melick (collectively "Defendants") motion to dismiss for lack of personal jurisdiction and states as follows:

**I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

This is a copyright and patent infringement action. CSSC asserts that MODA infringes CSSC's copyright in certain proprietary software as well as CSSC's United States Patent No. 6,904,370 (the "370 patent") (collectively "CSSC's Intellectual Property Rights). MODA infringes CSSC's Intellectual Property Rights in this district by using and offering for sale the MODA EM Solution, which includes the MODA FDC. *See* Amended Complaint at ¶¶ 30, 31, 35 and 36.

Defendants' initial response to CSSC's infringement allegations was a flat out denial that they do any business in Illinois. *See*, *e.g.,* Doc. # 13, MODA Memo. in Supp. of MTD, at 1. After modest discovery, CSSC turned Defendants' flat out denial into a complete concession that MODA and Goetter attended a major trade show at Chicago's McCormick Place and that the software accused of infringement was also at the trade show.[1] *See* Doc. # 25, MODA Opp. to Mot. to Compel, at 1. Defendants had to concede these points because they knew all along that they were doing business in Illinois and that their business was related to CSSC's allegations.

As demonstrated in the Levinson Declaration, in Defendants' documents and by Defendants' concessions, Defendants were and are actively attempting to sell the software that CSSC accused of infringing CSSC's Intellectual Property Rights in this judicial district. Defendants' activities in this judicial district were purposeful and Defendants availed themselves of the privilege of conducting business in Illinois. *See Asahi Metal Indus. Co. v. Superior Ct. of Cal.,* 480 U.S. 102 (1987). CSSC is not haling Defendants into this Court due to random, fortuitous or attenuated contact. *See Burger King,* 471 U.S. at 475 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984)). To the contrary, based on Defendants' specific conduct and connection with Illinois, Defendants should reasonably anticipate being haled into this Court. *See Burger King,* 471 U.S. at 474.

Accordingly, CSSC respectfully requests that the Court deny Defendants' motion to dismiss and award CSSC its reasonable costs and fees in opposing this motion.

---

[1] The Court should note from the outset that because MODA's forced concessions contradict MODA's claim in its moving papers that MODA "does no business in Illinois," CSSC believes, and respectfully requests this Court to order, that CSSC's fees and costs associated with all aspects of Defendants' motion to dismiss be paid by Defendants.

## II.     PERTINENT LEGAL STANDARDS

The most important legal standard to consider in deciding this motion is that of the Court's jurisdiction over Defendants for the specific conduct alleged in CSSC's complaint.[2] However, the proper legal standard regarding resolution of factual disputes in CSSC's favor on this motion to dismiss must also be taken into account.

### A.     Factual Disputes Must Be Resolved In CSSC's Favor

Where, as here, the issue of personal jurisdiction is decided on declarations and other written materials, CSSC need only make a prima facie showing that Defendants are subject to personal jurisdiction. *See Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citing cases). The Court must accept the uncontroverted allegations of CSSC's complaint as true. *Electronics for Imaging,* 340 F.3d at 1349. Additionally, the Court must resolve any factual conflicts in favor of CSSC. *Id.*; *see also Gibson v. City of Chicago,* 910 F.2d 1510, 1520-21 (7th Cir. 1990). Once CSSC has satisfied its initial burden, Defendants must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.,* 444 F.3d 1356, 1363 (Fed. Cir. 2006), *quoting Akro Corp. v. Luker,* 45 F.3d 1541, 1545-46 (Fed. Cir.), *cert. denied,* 515 U.S. 1122, 115 S.Ct. 2277, 132 L.Ed.2d 281 (1995).

### B.     Specific Jurisdiction for Business and Tortious Conduct[3]

A federal court may assume specific jurisdiction over a nonresident defendant who "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78

---

[2] The Parties appear to agree generally on the standards to be used by the Court. However, Defendants wrongly focus the Court's attention to general rather than specific jurisdiction.

[3] According to the Illinois Legislature, any person transacting any business in this State or committing a tortious act in this State submits that person to jurisdiction in this State for any cause of action arising from such conduct. 735 ILCS § 5/2-209 (a)(1) and (2).

3

S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958). In determining whether the exercise of specific jurisdiction is proper, the Federal Circuit considers: (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities in the forum; and (3) whether the exercise of jurisdiction is "reasonable and fair." *See Breckenridge Pharmaceutical,* 444 F.3d at 1363; *Deprenyl Animal Health,* 297 F.3d at 1347. "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1360 (Fed. Cir.2001). While the plaintiff bears the burden on the first two prongs, upon such a showing, the defendant must prove that the exercise of jurisdiction is unreasonable. *Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350 (Fed. Cir. 2003), *cert. denied,* 540 U.S. 1111, 124 S.Ct. 1085, 157 L.Ed.2d 899 (2004).

Based on these standards, the Court must determine whether to exercise its jurisdiction over these Defendants to resolve the dispute over the specific conduct alleged in CSSC complaint.

### III. DEFENDANTS' SPECIFIC BUSINESS CONDUCT IN ILLINOIS

As stated above, Defendants initially claimed that they conducted no business in Illinois. However, the record contains strong evidence of Defendants' business conduct in Illinois and the relation of that conduct to this case. That evidence starts with Defendants' concessions.

On April 7, 2008, MODA conceded that "[t]he executable files CSSC seeks are a demonstration version of certain software that MODA licenses to its customers." *Id.* MODA also conceded that "[t]he software relates to merits discovery." *Id.* MODA even conceded that this very software accused in this action of patent and copyright infringement "was, indeed,

4

brought to Chicago in February 2007 for the Pittcon trade show." *Id.* Defendants further concede that "[t]he MODA laptop that was brought to the Pittcon conference [in Chicago] had certain demonstration versions of MODA's software." *Id.* at 3. Still further, "Defendants [still] have certain executable versions that it believes [sic, they believe] are similar to the versions that were available on the demonstration laptop" that was at the Pittcon conference in Chicago in 2007. *Id.*

In addition to Defendants' concessions, Defendants' documents related to the Chicago trade show demonstrate that this Court has jurisdiction over Defendants.[4] At the Pittcon trade show in Chicago, Defendants clearly made sales presentations and "sales pitches" to multiple companies. *See, e.g.,* MODA 000055 ("Thanks for the note of advice on the slide. Since I get to give the pitch 5 times … . Also, Chet told me today that I misunderstood the Pittcon schedule and that he plans to do the pitch on Monday and Tuesday before I get there.").

Furthermore, CSSC has additional evidence demonstrating that Defendants are doing business in Illinois and that Defendants' business in Illinois is directly related to CSSC's allegations of infringement. *See generally* Ex. A, Decl. of G. Levinson. As Mr. Levinson's Declaration makes clear, Defendants actively marketed the accused software to Abbott Laboratories ("Abbott"). *Id.* at ¶¶ 11-19.

Defendants appear to depend on their belief that no offer for sale of the infringing software occurred at the Chicago trade show or to Abbott. Defendants' argument is form over substance. However, in *3D Systems, Inc., v. Aarotech Laboratories, Inc.,* 160 F.3d 1373, 1379 (Fed. Cir. 1998), the Court declined to "exalt form over substance," reasoning that Congress' purpose in adding the "offer for sale" language was to prevent "generating interest in a potential

---

[4] Because there is no protective order entered in this action and Defendants have designated these documents as Attorneys Eyes Only, CSSC will provide the Court with true and accurate copies of MODA 0000001-3 and MODA 0000043-62 for *in camera* review along with this motion.

5

infringing product to the commercial detriment of the rightful patentee." 160 F.3d at 1379. That is exactly what Defendants were doing at the Chicago trade show – generating interest in their infringing software to the commercial detriment of CSSC. According to Congress, each and every act of infringement is actionable and the subject of a cause of action. *See* 35 U.S.C. §§ 271 and 281; 17 U.S.C. § 106 and 501. That includes the specific infringing conduct occurring in Illinois that CSSC alleged in its complaint in this action.

Under the three-prong test for determining whether the exercise of specific personal jurisdiction comports with due process:

(1) Defendants purposefully directed their activities at residents of the forum state (e.g., MODA came to a trade show at Chicago's McCormick Place and had continuing communication with Abbott Laboratories of North Chicago – *see, e.g.,* Levinson Decl. at ¶¶ 11-19 and MODA 0000001-3);

(2) CSSC's claims arise out of or relate to Defendants' activities in Illinois (e.g., CSSC alleged that MODA infringed CSSC's 370 patent by, among other things, offering for sale the MODA FDC feature of the MODA EM product here in Illinois); and,

(3) assertion of personal jurisdiction is reasonable and fair. *Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350 (Fed. Cir. 2003), *cert. denied,* 540 U.S. 1111, 124 S.Ct. 1085, 157 L.Ed.2d 899 (2004).

While CSSC bears the burden on the first two prongs, upon such a showing, the defendant must prove that the exercise of jurisdiction is unreasonable. *Id.* Defendants essentially concede the first two prongs of the test for specific jurisdiction and offer nothing to show that this Court's exercise of jurisdiction over them is unreasonable. Thus, there can be no question that this Court has jurisdiction over Defendants.

**IV.　CONCLUSION**

For the foregoing reasons, CSSC respectfully requests that the Court deny Defendants' motion to dismiss and award CSSC its reasonable costs and fees associated with opposing Defendants' motion.

Dated: May 9, 2008　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Geoffrey A. Baker

　　　　　　　　　　　　　　　　　　　　　　Geoffrey A. Baker
　　　　　　　　　　　　　　　　　　　　　　Anthony E. Dowell
　　　　　　　　　　　　　　　　　　　　　　DOWELL BAKER, P.C.
　　　　　　　　　　　　　　　　　　　　　　229 Randolph Street
　　　　　　　　　　　　　　　　　　　　　　Oak Park, IL 60302
　　　　　　　　　　　　　　　　　　　　　　(708) 660-1413
　　　　　　　　　　　　　　　　　　　　　　(312) 873-4466 (facsimile)
　　　　　　　　　　　　　　　　　　　　　　**Attorneys for Plaintiff**
　　　　　　　　　　　　　　　　　　　　　　**Compliance Software Solutions Corp.**

## CERTIFICATE OF SERVICE

     I hereby certify that on May 9, 2008, I electronically filed the foregoing OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which in turn served Defendants via email as follows:

David J. Wolfsohn
Woodcock Washburn, LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
[wolfsohn@woodcock.com](mailto:wolfsohn@woodcock.com)
Counsel for MODA Technology Partners, Inc.
and Messrs. Goetter and Melick

                                                 /s/ Geoffrey A. Baker