IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 07-CV-6752 |
| v. | ) ) Judge Manning |
| MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, STEVEN P. MELICK and ANEXINET CORP., | ) Magistrate Judge Nolan ) ) ) ) |
| Defendants. | ) |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS MODA TECHNOLOGY PARTNERS, INC., MICHAEL S. GOETTER, AND STEVEN P. MELICK IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

In opposing Defendants' motion to dismiss for lack of personal jurisdiction, CSSC conducted jurisdictional discovery that merely confirmed what defendants said in their opening brief: defendant Steve Melick has not been to the state since 1992; defendant Mike Goetter has only been to Illinois once—to attend a trade show in early 2007; and defendant MODA Technology Partners, Inc. ("MODA") does not do business in Illinois. Accordingly, none of the defendants had "continuous and systematic" contacts with this state such as to afford general jurisdiction. Discovery also confirmed that specific jurisdiction does not lie: no sales, or offers for sale, were made in Illinois, no allegedly infringing software was "used" or "made" in Illinois, and a one-time attendance at a national sales show is, under the case law, simply insufficient to confer specific jurisdiction.

CSSC's response implicitly concedes that there is no general jurisdiction over any of the defendants, since its opposition simply ignores that subject. CSSC appears to argue that there is specific jurisdiction over defendants because Mike Goetter attended a Chicago trade show and certain demo software was there—but not run, and because there is a preliminary discussion in two emails about the possibility of supplying services to Abbott, a possibility that went nowhere and never involved the offering of a particular product at a specific price. But CSSC simply ignores the case law that stands for the proposition that attendance at a trade show is insufficient to confer specific jurisdiction—there must be an offer for sale or a sale. And CSSC musters no evidence suggesting that MODA has made any sale or offers for sale in Illinois, so the fact that MODA wanted to generate interest in its product at the Pittcon 2007 trade show and had a preliminary exchange with Abbott gets CSSC nowhere. CSSC's discovery was just a waste of time that turned up nothing except corroboration that there was no "use" of or "offer to sell" allegedly infringing product in Illinois or to any Illinois customers. Accordingly, because the very limited contacts between Defendants and Illinois do not arise out of and are not related to CSSC's claim of patent infringement, Defendants' motion to dismiss should be granted.

**I.    ARGUMENT**

    **A.    Attendance at a Trade Show, and Communications Lacking a Specific Price for a Specific Product Do not Constitute "Offers to Sell" or "Use"**

At the outset, CSSC does not dispute that there is not general jurisdiction over any of the defendants. (D.I. 34, CSSC's Opp. Br. at 3-4). CSSC also does not dispute that the Federal Circuit's three-prong test for establishing specific personal jurisdiction applies here:

> (1) whether the defendant purposefully directed its activities at the residents of the forum; (2) whether the claim arises out of or is related to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair.

*HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995)) (Docket No. 34, CSSC's Opp. Br. at 4; Docket No. 13, Defs.' Br. at 6). The Federal Circuit has elaborated on the second prong of the test for patent infringement cases:

> The second prong of the *Akro* test requires that the cause of action arise out of or directly relate to the defendant's activities in the forum state. [Plaintiff's] cause of action is the alleged infringement of its patents. **Patent infringement occurs when a party "without authority makes, uses, offers to sell or sells any patented invention."** 35 U.S.C. § 271(a) (1994). **Thus, for there to be specific personal jurisdiction over [defendant] in Nebraska, [plaintiff] would have to allege that [defendant] did one of those listed activities in Nebraska.**

*HollyAnne*, 199 F.3d at 1308 (emphasis added; citations omitted). For there to be specific personal jurisdiction over Defendants in Illinois, therefore, CSSC must make out a case that Defendants make, use, offer to sell or sell the alleged infringing product in Illinois. *See id.* CSSC does not even bother arguing that MODA made or sold the allegedly infringing product in Illinois. Instead, CSSC seems to suggest that attending a trade show with a demo and making "sales pitches" is somehow "conducting business," which in turn is sufficient to confer specific personal jurisdiction. (Docket No. 34, CSSC Opp. Br. at 5). But CSSC's own authorities show that is simply incorrect.

In *3D Systems., Inc. v. Aarotech Laboratories., Inc.*, the Federal Circuit—interpreting the "offer to sell" language for the first time—held that an "offer to sell" could be found where the defendant had sent price quotation letters containing "a description of the allegedly infringing merchandise and the price at which it can be purchased." 160 F.3d 1373, 1379 (Fed. Cir. 1998). The defendant in that case had sent price quotation letters, promotional letters, solicited orders, sent videos, and sample parts to California residents. *Id.* at 1378-79. The Federal Circuit found that the price quote letters were in fact offers, even though they stated that on their face that they were not "offers." *Id.* at 1379. Since the letters were in reality offers for a particular product at a

3

particular price, the court held that "to treat them as anything other than offers to sell would be to exalt form over substance." *Id.* Here, CSSC does not point to any document or series of documents that offer one of MODA's particular products for a particular price to a customer in Illinois. *3D Systems*, therefore, undermines rather than supports CSSC's position.

Moreover, the Federal Circuit has since clarified the definition of an "offer to sell:"

> We have defined liability for an "offer to sell" under section 271(a) "according to the norms of traditional contractual analysis." Thus, the defendant must "communicate[] a 'manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude'" it.

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005) (quoting *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1255, 1257 (Fed. Cir. 2000). In *MEMC Electronic Materials*, the Federal Circuit held there was no "offer to sell" even though there were e-mails between the defendant and a third party that contained a description of the allegedly infringing product because the e-mails did not contain any price terms, and therefore, could not be construed as "an 'offer' which [the third party] could make into a binding contract by simple acceptance." *Id.*

Again, CSSC points to no document or testimony that suggests that MODA has communicated an offer in Illinois or to an Illinois company containing price terms regarding a specific product that the customer "could make into a binding contract by simple acceptance." *MEMC Elec. Materials*, 420 F.3d at 1376. Although MODA communicated with Abbott a possible pilot project at Abbott's facility, there are no prices discussed, the e-mail states that if there were interest "we can discuss further regarding costs," and the idea went nowhere. (*See* MODA-0000001-3[1]). Likewise, CSSC points to no evidence that any particular products were offered at particular prices to anyone during Pittcon, much less to an Illinois company. No

---

[1]    Submitted for *in camera* review with CSSC's Opposition.

4

matter how CSSC characterizes MODA's attendance at Pittcon or its communication with Abbott, it cannot transform these general efforts to generate interest in MODA into an "offer to sell." Accordingly, there was no alleged patent infringement in Illinois, and CSSC has utterly failed to satisfy at least the second prong of the *Arko* test. *See HollyAnne*, 199 F.3d at 1308.

Second, MODA's attendance at Pittcon does not establish personal jurisdiction. As Defendants acknowledged in their opening brief, Mike Goetter attended the Pittcon trade show in Chicago in 2007. (Defs.' Br. at 1, 3-4, 7). Pittcon is a national trade show that takes place annually in different cities across the United States. (*Id.* at 3 n.3). In 2007, Pittcon happened to take place in Chicago, and over 1000 different exhibitors attended.[2] (*Id.*). Of course, having a booth at a trade show is always done in order to "generate interest" in a company and its products. (CSSC's Opp. at 6). But if "generating interest" were sufficient, then attending a trade show would *per se* establish personal jurisdiction—yet it clearly does not. *NeoMedia Techs., Inc. v. AirClic, Inc.*, No. 04 C 566, 2004 U.S. Dist. LEXIS 6634, at *13, 71 U.S.P.Q.2d 1186 (N.D. Ill. Apr. 15, 2004) ("[A]ttendance at a trade show alone is not enough to establish specific jurisdiction."); *Black & Decker Inc. v. Shanghai Xing Te Hao Indus. Co., Ltd.*, No. 02 C 4615, 2003 U.S. Dist. LEXIS 10127, at *8-11 (N.D. Ill. June 13, 2003) ("[M]erely displaying an accused product, even in an obviously commercial atmosphere such as a trade show, does not, by itself, constitute an offer to sell."); *Medical Solutions, Inc. v. C Change Surgical LLC*, 468 F. Supp. 2d 130, 133-35 (D.D.C. 2006) (dismissing complaint for lack of personal jurisdiction even though defendant attended industry trade show with allegedly infringing product because the price for the allegedly infringing product was not made available to the trade show attendees).

---

[2] MODA's contacts made at Pittcon highlight the fact that this was not a conference purposely directed at Illinois residents – only two of the eighteen contacts were from Illinois. (MODA00000043-44, submitted for *in camera* review with CSSC's Opposition).

5

Third, the fact that a demo version of some of MODA's allegedly infringing software was on a demonstration laptop that was at Pittcon is not "use." CSSC never even argues that any software, much less infringing software, was ever actually run at Pittcon. Indeed, CSSC does not even argue that any software was *shown* in a presentation, though even if CSSC had made such an argument, it is noteworthy that a presentation of allegedly infringing product would not have conferred personal jurisdiction. *See, e.g., HollyAnne*, 199 F.3d at 1305 (affirmed dismissal for lack of personal jurisdiction even though defendant made a presentation of the allegedly infringing product in the forum); *Medical Solutions*, 468 F. Supp. 2d at 133-34 (holding plaintiff failed to make a *prima facie* case of personal jurisdiction when plaintiff alleged defendant displayed allegedly infringing product at industry trade show). Because there was no alleged infringement—whether by making, using, selling, or offering for sale—in Illinois, there is no specific jurisdiction over any of the defendants.

B. **The Levinson Declaration Only Serves to Underscore CSSC's Failure to Establish Personal Jurisdiction over Any of the Defendants**

The declaration of George Levinson is as devoid of substance as it is long in pages. Indeed, with its lengthy discussion of alleged contacts in Missouri, it appears to have been drafted with the expectation that this Court will grant this motion, and CSSC will then attempt to establish jurisdiction next in Missouri—where the Levinson Declaration can then perform double duty. (Levinson Decl. ¶¶ 21-23). That curiosity aside, Mr. Levinson offers no support for the notion that any of the defendants made, used, sold, or offered to sell an allegedly infringing MODA product in Illinois. While Mr. Levinson does suggest, based on the alleged hearsay statement of one Ms. Comein, that at some unstated time MODA had "presented" un-identified "products" and unidentified "services" to "Abbott" at an un-stated place (¶ 15), Mr. Levinson does not say that Abbott had ever purchased anything from MODA and does not claim that any

6

"offer to sell" was ever made by MODA at any time or any place involving Abbott. Indeed, Mr. Levinson says nothing at all about any price (or any particular product), much less support the notion that MODA made an offer that Abbott "could make into a binding contract by simple acceptance." *MEMC Electronic Materials*, 420 F.3d at 1376. And, in fact, MODA has not visited Abbott, made any formal proposals, discussed any pricing information with Abbott or made any "offer to sell" to Abbott. (*See* Docket No. 13, Defs.' Br. at Ex. 1 ¶¶ 5, 18). Because Mr. Levinson's declaration does not help make CSSC's case for jurisdiction, the Court need not even address the problem that almost none of Mr. Levinson's affidavit should be considered, since it is mostly not based on personal knowledge (*e.g.*, paragraph 9: "CSSC did not attend Pittcon in 2007"), contains inadmissible hearsay (*e.g.*, paragraph 15: "She further told me…"), and contains speculation (*e.g.*, paragraph 19: "It is further clear to me that MODA already made its presentations to Abbott."). *See Falkner Motor Sales, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, No. 93 C 1346, 1996 U.S. Dist. LEXIS 3536, at *15 (N.D. Ill. Mar. 21, 1996) ("This court has consistently held that a hearsay statement in plaintiff's self-serving and contradictory affidavit cannot create a factual issue precluding summary judgment."). Tellingly, CSSC did not attempt to get any *admissible* evidence from Ms. Comein, whether by way of affidavit or deposition during jurisdictional discovery. That is presumably because CSSC knew she had nothing of any value to say.

  **C.**  **Because CSSC Does not Even Attempt to Justify Jurisdiction over Steven Melick and Michael Goetter, They Should Be Awarded Fees and Costs**

CSSC makes no argument at all why defendants Steve Melick and Mike Goetter are subject to personal jurisdiction in Illinois. CSSC does not dispute that Steve Melick has no contacts with Illinois. And Mike Goetter's only contact was attending the Pittcon trade show in

Chicago. CSSC's assertion of jurisdiction against these two individuals was frivolous and should be sanctioned.

## II. CONCLUSION

Nothing in jurisdictional discovery has changed the fact that CSSC had no basis to file this lawsuit in Illinois. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2) and the federal due process clause, CSSC's First Amended Complaint against MODA, Steven Melick, and Michael Goetter should be dismissed for lack of personal jurisdiction. *See, e.g., Adventus Americas Inc. v. Innovative Envtl. Techs., Inc.*, No. 06 CV 3267, 2007 U.S. Dist. LEXIS 15611, at *17 (N.D. Ill. Mar. 5, 2007) ("Since [the defendant] did not perform remediation services in Illinois using the process alleged to infringe the '213 Patent, the court must determine whether [the defendant's] contacts with Illinois are such that the district court could exercise general jurisdiction over it.").

Dated: May 16, 2008

Respectfully submitted,

/s/   Jordan L. Jonas
Ian Fisher (IL Bar No. 6224920)
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
(312) 701-9300

David J. Wolfsohn
Steven B. Samuels
Jordan L. Jonas (IL Bar No. 6286508)
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
(215) 568-3100

*Attorneys for MODA Technology Partners, Inc., Steven P. Melick and Michael S. Goetter*

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

>Geoffrey A. Baker
>Dowell Baker, P.C.
>229 Randolph Street
>Oak Park, IL  60302

                                            /s/   Jordan L. Jonas
                                One of the attorneys for MODA Technology
                                Partners, Inc., Steven P. Melick and Michael S.
                                Goetter