UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMPLIANCE SOFTWARE SOLUTIONS, ) <br> CORPORATION, ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MODA TECHNOLOGY PARTNERS, INC., ) <br> MICHAEL S. GOETTER, STEVEN P. ) <br> MELICK and ANEXINET CORP., ) <br> Defendants. ) | Case No. 07-CV-6752 <br> Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

Defendants MODA Technology Partners, Inc., ("MODA"), Michael S. Goetter, and Steven P. Melick move to dismiss the claim against them pursuant to Federal Rule of Civil Procedure 12(b)(2), the due process clause of the federal constitution, and the Illinois long-arm statute.

## BACKGROUND

The Plaintiff Compliance Software Solutions, Corporation ("CSSC") is an Illinois corporation with its principal place of business in Buffalo Grove, Illinois. CSSC creates unique software used to monitor high-tech, pharmaceutical and biotechnology production and laboratory facilities to ensure that such facilities comply with pertinent regulations. CSSC alleges that MODA infringes CSSC's copyright in certain proprietary software and CSSC's U.S. Patent 6,904,370 ("370 Patent"). CSSC's Environmental Monitoring Software System ("EMSS") software is designed to asses and to document firms' facility operations, collect microbial and/or particulate counts, and to analyze and trend the data to ensure that the environmental control systems are operating as intended. CSSC filed suit against MODA, a Pennsylvania corporation with a principal place of business in Wayne, Pennsylvania, after CSSC became aware of

MODA's allegedly infringing software MODA-EM. CSSC and MODA are competitors in the same industry.

MODA and Mike Goetter, MODA's Vice President of Product Strategy, attended the 2007 Pittcon Conference and Exposition in Illinois ("Pittcon"). Pittcon was a conference held in Illinois that showcased the latest products and services available in analytical chemistry and applied spectroscopy. According to CSSC, MODA and Mr. Goetter were at Pittcon doing business that directly relates to CSSC's allegations of infringement.

Furthermore, according to CSSC, the Defendants did business that directly relates to CSSC's allegations of infringement with Abbott Laboratories ("Abbott"). Abbott is a company located in Illinois. According to CSSC, MODA actively marketed MODA's accused software to Abbott.

In addition, according to CSSC, Steven Melick, MODA's President, was the President and CEO of The Sycamore Group when it was sued by CSSC in the Northern District of Illinois in 2005. CSSC and The Sycamore Group settled, and Mr. Melick signed the Settlement Agreement ("Agreement") in connection to the lawsuit in Pennsylvania.

## ANALYSIS

In ruling on a motion to dismiss pursuant to Rule 12(b)(2) based on lack of personal jurisdiction, the court may consider matters outside the pleadings, such as affidavits and other materials submitted by the parties. *See* FED R. CIV. P. 12(b). The plaintiff bears the burden of establishing personal jurisdiction. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). In making its determination regarding personal jurisdiction the court must resolve any factual disputes in the plaintiff's favor, but must accept the allegations in the complaint as true only to the extent that they are not controverted by other evidence in the record. *Id*. The court must also

Page 2

accept uncontested jurisdictional facts presented by the defendant as true. *Connolly v. Samuelson*, 613 F.Supp. 109, 111 (N.D. Ill.1985).

To determine whether the court has personal jurisdiction over a nonresident defendant in a patent case, the court applies "the law of the federal circuit rather than that of the regional circuit in which the case arose." *Inamed Corp. v. Kuzmak,* 249 F.3d 1356, 1359 (Fed. Cir. 2001) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)); *David White Instruments, LLC. v. TLZ, Inc.*, No. 02 C 7156, 2003 WL 21148224, at *9 (N.D. Ill. May 16, 2003). The district court may exercise personal jurisdiction over the defendant in a patent infringement case if (1) jurisdiction exists under the state long-arm statute and (2) exercise of jurisdiction would be consistent with the limitation of the due process clause. *Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005) (citation omitted). Under the Illinois long-arm statute, Illinois state courts have general jurisdiction over nonresident defendants "doing business" in Illinois and specific jurisdiction over nonresident "transactions" in Illinois. 735 ILL. COMP. STAT. §§ 5/2-209 (a) & (b). Because Illinois' long-arm statute extends to the maximum extent permitted by the Illinois and United States Constitution, the long-arm statute is coextensive with federal due process requirements. 735 ILL. COMP. STAT § 5/2-209(c); *see, e.g., RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir.1997).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits when a state may assert personal jurisdiction over nonresident defendants. *Pennoyer v. Neff*, 95 U.S. 714, 733, 24 L.Ed. 565 (1878). To exercise personal jurisdiction consistent with federal due process, a defendant must have (1) "certain minimum contacts with the forum state such that (2) the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Under the "minimum contacts" test, a defendant may be subject to either specific or general jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant if a suit "arises out of" or "relates to" the cause of action even if those contacts are "isolated and sporadic." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 538 (1985). CSSC's allegations focus on Defendants' isolated contacts rather than any systematic or continuous contacts. Therefore, the court must determine whether Defendants' contacts with Illinois are such that the court can exercise specific jurisdiction over the Defendants'.

### *Specific Jurisdiction*

In examining a defendant's contacts with a particular state, the court must determine whether the defendant "purposefully availed itself of the privilege of conducting activities" in the forum state so that it "should reasonably anticipate being haled into court there." *RAR, Inc. v. Turner Diesel Ltd.*, 107. F.3d at 1277. In other words, the focus of the court's inquiry must be on the "relationship among the defendant, the forum, and the litigation." *Heritage House Rests., Inc. v. Cont'l Funding Group, Inc.*, 906 F.2d 276, 283 (7th Cir.1990). The main factor in a specific jurisdiction analysis is foreseeability—was it reasonably foreseeable to the defendant that its action could result in litigation in the state in question. *Burger King Corp. v. Ruzewicz*, 471 U.S. 462, 472-74, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Contacts that are "random, fortuitous, or attenuated" are not thus sufficient to establish that a state's exercise of personal jurisdiction over the defendant was foreseeable. *Heritage House Rests., Inc. v. Cont'l Funding Group, Inc.*, 906 F.2d at 283. Moreover, in examining the contact with a specific jurisdiction analysis, the court

Page 4

cannot "simply aggregate all of the defendant's contacts with the state-no matter how similar in terms of geography, time, or substance." *RAR, Inc. v. Tuner Diesel Ltd.,* 107 F.3d at 1277.

**1. MODA's Contacts**

First, CSSC contends that MODA's attendance at Pittcon gives the court specific jurisdiction over MODA. MODA does not challenge the assertion that its attendance at Pittcon and its communications with Abbott in Illinois qualifies as purposefully directing its activities at residents of Illinois. Therefore, the question here is whether CSSC's cause of action arises out of or directly relates to MODA's actions in Illinois. In short, CSSC has the burden of showing MODA used, sold, or offered to sell the allegedly infringing software in Illinois for there to be specific jurisdiction.

At first glance, MODA's actions at Pittcon appear to have constituted as "use" of the allegedly infringing software. MODA had the executable files that CSSC seeks as a demonstration version of certain software that MODA licenses to its customers. This software was brought to Chicago on a laptop for Pittcon. MODA made sales presentations and sales pitches to multiple companies that attended Pittcon. However, merely generating interest in an obviously commercial atmosphere does not constitute infringing "use." *Neomedia Techs., Inc. v. Airclic, Inc.*, No. 04 C 566, 2004 WL 848181, at *4 (N.D. Ill. Apr. 16, 2004); *Black & Decker Inc. v. Shanghai Xing Te Hao Indus. Co., Ltd.,* No. 02 C 4615, 2003 WL 21383325, at *2 (N.D. Ill. June 12, 2003); *Medical Solutions, Inc. v. C Change Surgical LLC*, 468 F.Supp. 2d 130, 133-34 (D.D.C. 2006) (dismissing complaint for lack of personal jurisdiction even though defendant attended industry trade show with allegedly infringing product). Moreover, even a presentation of the allegedly infringing product does not confer personal jurisdiction. *See, e.g. HollyAnne*, 199 F.3d at 1305 (affirmed dismissal for lack of personal jurisdiction even though defendant made a presentation of the allegedly infringing product in the forum); *Medical Solutions*, 468

Page 5

F.Supp.2d at 133-34 (holding plaintiff failed to make a *prima facie* case of personal jurisdiction when plaintiff alleged the defendant displayed the allegedly infringing product at a industry trade show). Therefore, the Court lacks specific jurisdiction based on a "use" argument.

Next, CSSC contends that MODA's actions at Pittcon and its communication with Abbott in Illinois constituted an "offer to sell" the allegedly infringing product. CSSC relies on *3D Systems., Inc. v. Aarotech Laboratories Inc.*, as its primary authority for this proposition. 160 F.3d 1373, 1379 (Fed. Cir. 1998). However, as the Defendants argue, and the Court agrees, CSSC's interpretation of *3D Systems, Inc.* is incorrect. Under the traditional contractual norms of contractual analysis the defendant must communicate a manifestation of willingness to enter into a bargain, which allows another party to assent to the bargain. 160 F.3d 1373, 1379 (Fed. Cir. 1998). Communications between a defendant and a third-party that do not contain any price terms are not "offers to sell." *Id*. The defendant in *3D Systems, Inc.* sent price quotation letters and promotional letters—offers for a particular product at a particular price. Thus, the court held that that the defendant made "offers to sell." *Id*.

Here, CSSC does not provide any evidence that MODA communicated price terms to a third-party at Pittcon or to Abbott. In both instances, CSSC relies on several e-mails to demonstrate that MODA made "offers to sell." Yet, a closer examination of the e-mails show MODA was in the preliminary stages of generating interest in the allegedly infringing software. First, the Pittcon e-mails CSSC relies on merely show that MODA intended to make sales presentations. *See, e.g.*, MODA 00005 ("Thanks for the note of advice on the slide. Since I get to give the pitch 5 times… . Also, Chet told me today that I misunderstood the Pittcon schedule and that he plans to do the pitch on Monday and Tuesday before I get there.") These Pittcon e-mails are void of price terms, so the emails cannot constitute "offers to sell." Second, the Abbott e-

Page 6

mails that CSSC relies on merely show that there were preliminary negotiations about a pilot project. Like the Pittcon e-mails, the Abbott communications lacked specific price terms. Again, this cannot be considered an "offer to sell." Therefore, the Court does not have specific jurisdiction over MODA based on CSSC's "offer to sell" argument.

Lastly, CSSC contends that MODA's alleged breach of an Agreement subject to Illinois law gives the Court specific jurisdiction over MODA. However, the Court agrees with MODA's argument. MODA's alleged inclusion in a contract that Illinois law governs, without providing that Illinois law shall be the exclusive forum for disputes, does not confer specific jurisdiction over the parties to such a contract. *See, e.g.*, *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 776-77 (holding defendant was not subject to personal jurisdiction in Indiana in breach of contract case even though defendant was the alleged successor to a contract that provided for the application of Indiana law); *see also RAR*, 107 F.3d at 1277 ("[A]n out-of-state party's contract with an in-state party is alone not enough to establish the requisite minimum contacts"). Here, the Agreement that MODA is allegedly a party to does not have a forum selection clause. Thus, the Court does not have specific jurisdiction based on MODA's alleged breach of the Agreement. Moreover, MODA does not do business in Illinois, derives no revenue from Illinois, and has not sold or offered to sell any products in Illinois. Therefore, CSSC has failed to make a *prima facie* case of specific jurisdiction in relation to MODA.

    **2.  Mr. Melick's Contacts**
Similarly, CSSC contends that Mr. Melick's involvement in the Agreement subject to the laws of Illinois give the Court specific jurisdiction over Mr. Melick. Like MODA, Mr. Melick owns no property in Illinois, has never paid taxes to Illinois, and maintains no bank accounts in Illinois. Furthermore, CSSC does not offer proof that Mr. Melick sold or offered to sale any MODA products to any business in Illinois. Mr. Melick signed the above referenced Agreement

Page 7

on behalf of The Sycamore Group, which had no Illinois forum selection clause. Also, Mr. Melick did not enter Illinois in connection with this Agreement. Again, CSSC has failed to make a *prima facie* showing of specific jurisdiction. Therefore, the Court does not have specific jurisdiction over Mr. Melick.

   3.  **Mr. Goetter Contacts**

Like MODA, CSSC contends that Mr. Goetter's attendance at Pittcon gives the court specific jurisdiction over Mr. Goetter. For the same reasons as outlined above for MODA, Mr. Goetter's actions at Pittcon did not constitute as the use, sell, or offer to sell the allegedly infringing product in Illinois. Mr. Goetter's only contact with Illinois was his attendance at Pittcon. Mr. Goetter lives in New Jersey, maintains a New Jersey driver's license, and pay taxes to New Jersey. Mr. Goetter has never resided in Illinois, has never paid taxes to Illinois, does not own, lease or use any real estate in Illinois, does not maintain, own, lease or use any personal property in Illinois, and does not maintain a bank account in Illinois. In other words, CSSC has not made a *prima facie* showing of specific jurisdiction in connection with Mr. Goetter.

## CONCLUSION

Accordingly, the Defendants' MODA, Mr. Melick, and Mr. Goetter motion to dismiss the claim against them [12] pursuant to Federal Rule of Civil Procedure 12(b)(2), the due process clause of the federal constitution, and the Illinois long-arm statute is granted.

ENTER:

Date: July 31, 2008

_____
Blanche M. Manning
United States District Court